IOWA BRICK COMPANY, Appellant, v. CITY OF DES MOINES *et al.*

111 272
0121 667

**City Contracts:** MECHANIC'S LIEN: *Defense.* Where an agreement between a city contractor and a material man, filed with the board of public works, provided that 30 per cent. of the certificates issued for the work done by the contractor be assigned to the material man as collateral for payment of material, and when the material used in each section into which the work was divided was paid for, the certificates issued and assigned for such section should be surrendered, it was no defense. to an action by the material man against the city to establish a mechanic's lien for material used in constructing subsequent

sections, that plaintiff had been assigned sufficient certificates to pay his entire claim, and had surrendered the same, such certificates having been assigned to secure material used in previous sections which had been paid for.

BURDEN OF PROOF: *As to payments made by it.* Where the city's defense to an action for mechanic's liens for materials furnished a contractor was that it had paid out all the contract price on other claims, the burden of proving that such claims were legally filed was on the city, because such fact rested peculiarly within its own knowledge.

**Appeal:** ARGUMENT: *Review.* On appeal, matters not discussed in argument will not be reviewed.

*Appeal from Polk District Court.*—HON. CHARLES A. BISHOP, Judge.

WEDNESDAY, MAY 9, 1900.

ACTION in equity to establish and enforce a mechanic's lien. From the decree rendered, plaintiff appeals.— *Modified.*

*Baily, Ballreich & Preston* for appellant.

*J. Edward Mershon* and *W. C. Strock* for appellees.

WATERMAN, J.—The issues presented arise wholly out of the respective claims of plaintiff and the city of Des Moines. The firm of Kavanaugh & O'Connell, also defendants herein, had a contract for constructing a sewer for said city, at a total cost, including extras, of fifty thousand one hundred and ten dollars and seventy-two cents. They purchased the brick for such work from plaintiff under a written contract, by the terms of which as originally made, Kavanaugh & O'Connell, second parties, sold and assigned to plaintiff a certain part of the price, to be paid as follows: "In order to secure the payment of the sums to become due for brick furnished under this contract, the said second party agrees to sell and assign, and by these presents does hereby sell and assign, to the first

party thirty per cent. of all sewer certificates to be issued to said second parties by the city of Des Moines against abutting property in payment for said sewer, as collateral security for payment for said brick. And it is agreed that this contract, when filed with the city clerk, shall be an order on him to deliver said certificates to said first party, and no further authority shall be necessary. It is also stipulated and agreed that said second party hereby sells and assigns to said first party thirty per cent. of any sums due or to become due said second party which are payable from the sewer fund under this contract, in warrants on the sewer fund of the said city. The said second parties hereby agree and stipulate that at the end of each month they will, if possible, procure from the city engineer and board of public works a certificate or estimate, approved by the council, showing the amount due for the work on said sewer which is payable in warrants on the sewer fund; and thirty per cent. of all the said estimates of said certificates, excepting three thousand dollars' worth, which, by the contract with the city of Des Moines, are to be paid in 1894, are by these presents hereby assigned to said first party as collateral security under the contract, and when a copy of this contract is filed with the board of public works it shall be authority for them to deliver said estimates or certificates at once to the first party. The parties of the first part are released from strict performance as to delivering brick in case of strikes, impassable roads, and unavoidable accidents. And it is hereby mutually agreed that should the Iowa Brick Company during any month receive of the second party cash for all brick laid in the sewer by count or by estimate during the previous month, with interest as herein agreed, the Iowa Brick Company shall surrender to the said Kavanaugh & O'Connell all certificates, warrants, and estimates which it may have received as collateral security for said brick; but, in case said certificates, warrants, and estimates shall not be thus redeemed

by cash during the month as aforesaid, then it is hereby agreed that the said Iowa Brick Company may sell said certificates, estimates, or warrants at private sale at the highest price which they may be able to obtain, with reasonable efforts, to satisfy their claim and interest for the brick covered by said collaterals." Some time after this an additional ten per cent, was added to the amount so assigned. In the written contract between Kavanaugh & O'Connell and the city for the construction of the sewer, there was a provision that the city should reserve fifteen per cent. of amounts due until the completion of the work. Plaintiff filed two statements, under chapter 179, Acts Twentieth General Assembly, for a lien on the balance due on the contract. The first of these was filed May 21, 1896, and the other on December 4th of the same year, which was two days after the last lot of brick was furnished by it to the contractors. The decree of the district court, which as to the facts we shall now mention is not questioned, determines that the balance due plaintiff for brick furnished is one thousand thirty-one dollars and eighty-four cents; that on March 1, 1897, the city had in its possession, due and unpaid on said work, the sum of one thousand sixty-three dollars and seventy-seven cents; that out of this amount it paid one L. E. Bolton, on March 31, 1897, the sum of six hundred and twenty-three dollars and seventy cents, and on June 7th following to certain laborers the sum of one hundred and thirty dollars and fifty-five cents, leaving a balance of three hundred and nine dollars and fifty-two cents; for which amount, with interest thereon at six per cent. from the twelfth day of January, 1897, judgment was rendered in plaintiff's favor against the city.

II. The contention of the city is, first, that plaintiff had warrants or certificates in a sufficient amount assigned to it under its contract with Kavanaugh & O'Connell to pay its claim in full, and that it surrendered the same to the contractors. The contract provided that the assignment of these certificates should be for collat-

eral security only; that when the brick used in the section for which the certificates were issued were paid for the certificates should be surrendered. The brick company had no right to hold the same as security for future deliveries. The surrender made was strictly in accord with the terms of the contract, and that instrument or a copy was on file with the board of public works of defendant city, so the latter had or should have had full knowledge of its provisions. We cannot see why plaintiff should lose any rights because of its compliance with the contract.

III. It is next contended by the city, on the authority of *Epeneter v. Montgomery County,* 98 Iowa, 159, that it was not obliged to retain the fifteen per cent. reserve for the benefit of subcontractors, but that it might at any time waive such provision, the same being for its sole benefit. We hardly think that case goes to the extent claimed for it; but, however that may be, it is conceded here that the city, after it had full notice of plaintiff's claim, had on hand an amount sufficient to pay it, and that this money was paid out in part on other claims.

IV. The petition alleges "that at the time plaintiff's said claim was filed there actually remained in the hands of defendant city, of the contract price and cost of construction of said sewer, more than the amount of plaintiff's said claim; that no other claims for labor or material furnished or used in the construction of said sewer were ever filed in manner and form as by the statute provided, and plaintiff became and was therefore entitled to be first paid out of said funds before any other claims were paid therefrom." The answer is in denial. The trial court found there was no evidence as to when the labor and materials were furnished by Bolton and others, to whom the city paid the total sum of seven hundred and fifty-four dollars and twenty-five cents, after having notice of plaintiff's claim; and it also found there was no evidence to show whether those parties had filed verified claims, as provided by chapter 179, Acts Twentieth

General Assembly.   The court further expressly held that
the burden "was on plaintiff of proving that said payments
were not made on claims entitled to priority over the
claim of plaintiff."   Whether the claims of Bolton
and the laborers were filed with the city authorities,
as provided by law, was a fact peculiarly within defendant's
knowledge.   The rule, as laid down in Greenleaf Evidence,
section 79, is:   "Where the subject-matter of a negative
averment lies peculiarly within the knowledge of the other
party, the averment is taken as true, unless disproved by
that party."   So in Swafford v. Whipple, 3 G. Greene, 261-
265, this court said: "Hence it is laid down that the onus
probandi lies upon the party who seeks to support his action
or defense by a particular fact of which he is supposed to
be cognizant."   See, also, Jones v. Association, 92 Iowa,
652.   We think the rule of law announced by the trial court
was erroneous.   It was shown that on March 1, 1897, de-
fendants had on hand and due for materials and work for
said sewer one thousand sixty-three dollars and sixty-seven
cents.   Plaintiff's claim was then on file.   Presumptively
it was entitled to payment in full.   As to payments made to
others out of this fund, the burden was on defendants to
show they were made on claims that were prior in right to
that of plaintiff.   Having failed in this, plaintiff is entitled
to the whole fund on hand March 1, 1897, or so much as
will satisfy its claim.

Plaintiff asserts that it is entitled to seven per cent.
interest, which was the rate fixed in its contract with
Kavanaugh & O'Connell from April 1, 1897.   The trial
court allowed six per cent. interest from January
12, 1897.   As this matter is not discussed in argu-
ment, we shall permit the finding of the district
court as to the rate of interest to stand.   Modified as stated,
the judgment will be AFFIRMED.