## MOSHER MANUFACTURING COMPANY v. TEXAS CONTRACT COMPANY ET AL.

Decided April 29, 1903.

**1.—Contractor's Bond—Sureties—Liability to Materialman.**

The sureties on a bond given by a contractor to the owner of a building to be erected are not liable to one who has furnished the contractor with materials used by him in the construction of the building.

**2.—Contract—Promise Without Consideration.**

Where the sureties on a contractor's bond, who were not liable to materialmen who had furnished materials to the contractor, promised such materialmen to settle and adjust their claims with the contractor, such promise was without consideration and of no effect.

**3.—Same—Evidence—Immaterial Error.**

The promise being of no legal effect, it was immaterial that the court erred in permitting the sureties to testify that a letter of theirs to the materialmen containing the promise was written under the belief that the law would hold them responsible to all parties who had furnished materials because of their being on the contractor's bond.

Error from the County Court of Kaufman. Tried below before Hon. C. M. Crumbaugh.

*Holloway & Holloway* and *T. L. Stanfield,* for plaintiff in error.

*Thos. R. Bond* and *Terrell & Terrell,* for defendants in error.

NEILL, ASSOCIATE JUSTICE.—On May 21, 1891, the Texas Contract Company entered into a contract with Oscar Price to construct certain improvements and additions to the latter's storehouse in the city of Terrell, Texas. As security for the performance of its contract, the company executed to Price its bond, with Ables & Walton as sureties, in the sum of $4000, conditioned that it would faithfully carry out the work under the contract, and pay all claims and liens against the premises on which the building was erected, and hold Price free from all such claims and liens.

During the process of the construction of the improvements on the building certain material and fixtures were furnished the contract com-

pany by the Mosher Manufacturing Company, of the reasonable value of $539.85, which were placed in the building by the contractor.

When the contract between the Texas Contract Company and Price was made, the contract company entered into a contract with the city of Terrell to erect three school buildings for the city; and for the faithful performance of its contract gave the city a bond with the Fidelity and Deposit Company of Maryland as surety. At the same time Ables & Walton gave their bond to the Fidelity and Deposit Company to indemnify it against any loss or liability on its bond to the city.

The contract company, after commencing work on the contracts with Price and the city and incurring a large indebtedness on account thereof to Ables & Walton for material and money furnished, refused to carry on the contracts to completion. Whereupon Ables & Walton, to save themselves from liability as sureties on the bonds referred to, as well as to save as much of the debt due them by the contract company as they could, took charge of the work on the buildings and carried it to completion, after which the contract company gave them orders on the city of Terrell and Oscar Price for the balance due on the contracts, and authorized a final settlement of the contracts. Upon the settlement, and after crediting the contract company with all the money they had received from the city and Price on the contracts, the company was still indebted to Ables & Walton in the sum of $2800, which has never been paid.

Plaintiff, the Mosher Manufacturing Company, brought this suit against the Texas Contract Company and Ables & Walton to recover the value of the material and fixtures it furnished the contract company to be used by it in improving the Price building under the contract with its owner.

Plaintiff sought to hold the defendants liable on the $4000 bond made by them to Price, and, as additional grounds of liability as against Ables & Walton, it alleged that, on September 1, 1901, they entered into a contract with the contract company by the terms of which they took possession of all the effects of the company and assumed and undertook to settle all the liabilities of said company growing out of said contracts for the erection of said buildings, and agreed to discharge all claims and liens existing against the contract company on account of said buildings, and to pay all just claims that should be presented against the company that were created in the construction of the buildings, or on account thereof for materials furnished therefor. That Ables & Walton, recognizing their liability to all parties who held claims against the contract company on account of said school buildings and the Oscar Price building, made full settlement with the authorities and received the full payment of money due for said school buildings, and received from Oscar Price the contract price on account of his building, and undertook to settle the various claims against the contract company on account thereof; and in pursuance of said undertaking requested the plaintiff to

give a statement of its account for said material furnished; that the statement was furnished in accordance with the request, and though they settled with all other parties, they refused to pay plaintiff said account. That by reason of the premises, Ables & Walton became trustees for said fund which plaintiff was entitled to, and they prayed judgment therefor.

A special exception of Ables & Walton to that part of the petition which seeks to hold them liable as sureties on the bond given to Price by the contractor having been sustained, and no exception or assignment of error being taken or made to the ruling of the court in this regard, the liability of defendants, Ables & Walton, necessarily depends upon the question as to whether there was an agreement between them and the contract company by which said defendants assumed the liabilities of the company. The court, before whom the case was tried without a jury, found as a fact that there was no such agreement or undertaking. There being no such agreement or undertaking, and no liability on the bond (Santleben v. Cement Co., 25 S. W. Rep., 143; Jones Lumber Co. v. Villegas, 8 Texas Civ. App., 669, 28 S. W. Rep., 558; Macatee v. Hamilton, 15 Texas Civ. App., 108, 38 S. W. Rep., 530; Bank v. Rico, 107 Mass., 41), there was no consideration to support a promise, if any there were, to adjust or settle plaintiff's account with the contract company. Therefore it is immaterial whether the court erred in allowing Ables & Walton to testify that the letter written by them to plaintiff—from which it is contended such promise is implied—was written under the belief that the law would hold them responsible to all parties who had furnished material on account of their being sureties on the bond of the contract company.

There is no error assigned requiring a reversal of the judgment, and it is affirmed.

*Affirmed.*