## M. T. JONES LUMBER COMPANY v. JOAQUIN VILLEGAS ET AL.

### No. 483.

**1. Contractor's Bond—Parties—Privity of Contract.—**A contractor's bond with the owner, obligating the contractor to furnish all the material for a building, will not inure to the benefit of a materialman who sells the contractor such material, since in such case there is no privity of contract between the parties.

**2. Same—Subrogation.—**In such case, if the owner refuses to sue on the contractor's bond for the benefit of the materialman, the latter is not on that account subrogated to the owner's right to bring such suit.

**3. Same—Fraudulent Representations—Verbal Promise to Pay Debt of Another.—**After the sale to a contractor of material for a building, the owner told the seller of the material that when the building was finished there would be sufficient due by him to the contractor to pay all sums owing by the contractor for material, and that he, the owner, would not pay it to the contractor until he had notified such seller. He paid the contractor part of the money, and while holding enough of it to pay such seller, was garnished by another creditor of the contractor. The seller made no effort to fix a mechanic's lien on the property. *Held,* that the seller had *no cause of action* against the owner on the ground of fraudulent representation, and that the verbal promise was obnoxious to the statute of frauds.

ERROR from Webb. Tried below before Hon. A. L. McLANE.

*A. Winslow,* for plaintiff in error.—If one good cause of action, with prayer for appropriate relief, within the jurisdiction of the court, appears in a petition, the court should not sustain a general demurrer and dismiss the cause. Buchanan v. Bilger, 64 Texas, 589.

*J. O. Nicholson,* for defendants in error.—Plaintiff's petition in the court below failed to show any privity of contract between the plaintiff therein and the defendants in error, and therefore the court did not err in sustaining the general demurrer.

FLY, ASSOCIATE JUSTICE.—Plaintiff in error sued Joaquin Villegas, Juan V. Benavides, and Rosendo Garcia for $991.66, and defendants in error answered by a general demurrer, which was sustained, and plaintiff in error refused to amend and prosecutes a writ of error to this court. The petition, after describing the parties and giving their residences, is as follows:

"That heretofore, to wit, on the 30th day of June, 1893, the said defendant Joaquin Villegas, being desirous of having certain valuable improvements made on his storehouse in the city of Laredo, Webb

County, Texas, entered into a certain contract in writing with Gaspar Mas, a contractor and builder residing in said city of Laredo, to construct said improvements for the sum of $10,417, which contract provided, among other things, that the sum of $3776.16 would be retained and held in the hands and possession of the defendant Joaquin Villegas until the said Gaspar Mas had fully completed said building and improvements, and the same was fully turned over and delivered to said defendant Villegas and accepted by him; the defendant Villegas, well knowing at the time of making and entering into said contract with Mas, that he, Mas, was wholly insolvent, and had neither the material nor the money with which to buy it to enable him to construct said improvements, then and there required him, the said Mas, to enter into a good and sufficient bond in the sum of $3472.33, with Juan V. Benavides and Rosendo Garcia as sureties thereon, payable to him, the said Joaquin Villegas, and conditional, among other things, that the said Gaspar Mas would furnish all the material and labor used in the construction of said improvements, which said bond was made, executed and delivered to said defendant Joaquin Villegas on said 30th day of June, 1893; that this plaintiff, being fully advised of the terms and conditions of said Villegas and Mas' contract for the construction of said improvements, and being fully advised of the terms and conditions of said Mas' bond to said Villegas, was induced, at the special instance and request of said Villegas and Mas, to sell him, the said Mas, lumber and material to enable him, the said Mas, to construct said improvement for said defendant Villegas, and plaintiff, relying on the terms and conditions of said contract between said Mas and Villegas, and the terms and conditions of said Mas' bond to said Villegas, and certain representations made to plaintiff by said defendant Joaquin Villegas, as hereinafter fully set forth, plaintiff sold and delivered to said Gaspar Mas a large amount of lumber and building material, to wit, $4966.13, which was to be used, and which in fact was used, by Mas in constructing said improvements for said defendant Villegas. Of this amount the said Mas had at different time repaid plaintiff different and divers sums of money, so that on the 12th day of December, 1893, said Mas was indebted to plaintiff in a balance of $2103.76, which said sum was then due and payable. That on said day and date last mentioned aforesaid, plaintiff, knowing, as it had known all along, that said Mas was wholly insolvent, and being fearful of losing its debt against him, called on defendant Joaquin Villegas for the purpose of ascertaining what amount he was indebted to said Mas on account of said contract for the construction of said improvements or otherwise, and was informed by the said defendant Villegas that he was then, and would be when said building was completed and turned over to him, indebted to said Mas in the full sum of $3700, which sum of money he said was more than sufficient to pay all demands against said Mas then due or to become due for and on account of lumber, material, labor, and money used and employed in the construction of said improve-

ments, and that he, the said defendant Villegas, would not pay said sum of money or any part thereof to the said Mas or his order until said improvements were fully completed, turned over, delivered to, and fully accepted by him, the said Villegas, and then not until first notifying plaintiff of the time and place of making said payment; that thereafter, to wit, on the 16th day of December, 1893, said improvements were fully completed and turned over and delivered to said Villegas, which he fully received and accepted, and he, the said Villegas, then and there paid out and delivered to said Mas all of said sum of $3700, save and except the sum of $2251.09, well knowing at the time of so doing that said Mas was at the time indebted to plaintiff in a balance of $2103.76, also to French & McComb in a balance of $895, and to Vodrie & Co. in a balance of $1000, all for lumber, labor, and material used and employed in the construction of said improvements; that on the 13th day of December, 1893, said French & McComb, not being able to collect the amount due them from Mas, instituted their suit in the District Court of Webb County, Texas, against Mas, and on the same day garnished said Villegas; that thereafter, to wit, on the 18th day of December, 1893, plaintiff, not being able to collect from said Mas, instituted its suit against him in the District Court of said Webb County, and on the same day run its writ of garnishment against said Villegas; that the said French & McComb recovered their judgment for the full amount of their said claim against the said Mas; that on the 2nd day of February, 1894, plaintiff recovered judgment against said Mas for the full amount of its claim, viz., $2103.76, the said defendant Villegas having prior thereto, to wit, on January 3, 1893, filed his sworn answer to both of said writs of garnishment, in which he admitted an indebtedness to said Mas of only $2251.09, and not $3700, as represented to plaintiff on the 12th day of December, 1893; that said French & McComb took judgment by virtue of their writ of garnishment against said Villegas for $895, the full amount of their claim, thus leaving a balance of only $1356.09 in the hands of Villegas, according to his answer, for which plaintiff took his judgment on its writ of garnishment against him, and for which amount last mentioned aforesaid plaintiff was only allowed judgment against the said Villegas; that the said Mas is still justly indebted to plaintiff in a balance of $991.66, on said judgment, which said judgment is in full force and effect, unappealed from and unreversed, and that the said Gaspar Mas is now and has been for years wholly insolvent.

"That the said defendant Joaquin Villegas has knowingly and willfully practiced a deceit and a fraud upon this plaintiff; in this, first, that either his statement to plaintiff on the 12th day of December, 1893, to the effect that he was then and would be indebted to said Mas on the completion of said improvements in the sum of $3700, and that said sum was in excess of all claims against Mas for and on account of all lumber, material, and labor used and employed in the construction of said improvements, and that no part of said sum would be

paid to said Mas until the final completion of said improvements, and then not until the same was delivered to and accepted by him, the said Villegas, and then not until plaintiff was first notified of the time and place of said payment; or second, if his said statement in relation to the matter last mentioned was true at the time of the making and utterance thereof, then his sworn answer in plaintiff's said garnishment proceeding against him in cause number 1108, in the District Court of said Webb County, Texas, wherein this plaintiff was plaintiff and he was defendant, was both false and fraudulent, and was made for the sole purpose of defrauding this plaintiff out of its just dues; and plaintiff further avers, that it had reason to believe and did believe that said defendant Villegas' said statement and representations so made to it on the 12th day of December, 1893, as aforesaid, were true, and so believing, acted upon the same, and in so doing failed to do that which it otherwise would have done, viz., then and there on the 12th day of December, 1893, brought its suit against the said Mas for the full amount of its claim, and on the same day run its writ of garnishment on the said defendant Villegas, and by so doing would have recovered judgment for the full amount of its claim both against Mas and the defendant Villegas, and thereby would have been fully enabled to collect the whole amount of its claim.

"Plaintiff further avers, that by the terms and conditions of said Gaspar Mas' bond to said defendant Villegas that he, the said Mas, and his said sureties, Juan V. Benavides and Rosendo Garcia, were obligated and legally bound to furnish all lumber and material of every kind and nature, and all work and labor necessary to build and construct and fully complete said improvement on said building for said defendant Joaquin Villegas, in accordance with the terms and conditions of said contract and bond, which said bond plaintiff avers is yet in full force and effect, and that all the sureties thereon, viz., Juan V. Benavides and Rosendo Garcia, are now and have always been solvent, and that said Mas and his said sureties on said bond have committed an open breach of said bond in failing and refusing to furnish all the lumber and material necessary to the construction of said improvements as provided by the terms and conditions thereof, and that plaintiff, at the special instance and request of said Mas, furnished lumber and material to be used, and which was used, by said Mas in the construction of said improvements for said Villegas, all of which was well known to said Villegas, and for which said Mas is indebted to plaintiff in a balance of $991.66; and that said Villegas is enjoying the use and benefit of said lumber and material and the value thereof, and has wholly failed and refused to pay plaintiff said balance of $991.66, due for said material, or to bring any action on said bond on account of said breach, either for himself or for the use and benefit of plaintiff; wherefore plaintiff says, that in good conscience it ought to be, and in equity is, subrogated to all the rights and interests in said bond that the said Villegas has or ever had, at least to the extent of plaintiff's

debt, true copies of which said contract between said Mas and Ville-
gas for the construction of said improvements, and of said bond by
said Mas and his said sureties to said Villegas, mentioned aforesaid,
are hereto attached and marked exhibits 'A' and 'B,' and sought
to be made a part of this petition.

"Plaintiff prays, should it not appear upon the trial hereof that the
said defendant Joaquin Villegas has been guilty of practicing a deceit
on and a fraud upon the rights of this plaintiff on the day and date
and in the manner and form herein before fully alleged, or if guilty
thereof, that he is not liable to plaintiff in consequence thereof, then
plaintiff prays, that it be subrogated to all the rights and remedies to
and against said bond of Mas, Benavides, and Garcia to said Villegas,
that he, Villegas, has or ever had, and that on a trial hereof it have a
judgment on said bond against the said Mas, Juan V. Benavides, and
Rosendo Garcia for the full payment of its claim."

This is followed by a prayer for judgment for $991.66 against each
and all of the defendants in error.

The bond given to Villegas by Mas, the contractor, could not pos-
sibly inure to the benefit of appellant. There was no privity of con-
tract between appellant and the bondsmen on the contractor's bond,
and no cause of action existed in favor of appellant as to them. Sant-
leben v. Cement Co., 25 S. W. Rep., 143.

It is claimed that appellant was subrogated to the rights of Villegas
in the bond; but while privity of contract is not necessary to the sup-
port of the right of subrogation, yet, in order for it to arise, some
debt due a third party must have been paid by the person seeking its
benefit, and in doing this he must not have been a mere volunteer, but
must have acted on compulsion to save himself from loss. Sanford v.
McLean, 3 Paige, 117; Ins. Co. v. Middleport, 124 U. S., 549; Cole v.
Malcolm, 66 N. Y., 366.

We are of the opinion that no cause of action is shown as to Ville-
gas. It is alleged that the lumber was sold to Mas at his instance and
that of Villegas, and had the pleading placed the liability of appellee
Villegas upon the ground of his obligation to pay for what he was
concerned in ordering, there might have been a cause of action stated,
but the liability of Villegas is placed on the ground that Villegas told
appellant that he had $3700 on hand that would become due to Mas on
completion of the house, and that he (Villegas) would not pay this
amount to Mas until he had notified appellant, and he had failed to
notify appellant and had paid some $1500 over to Mas. This promise
occurred after the lumber was delivered. There is no allegation
that this promise of Villegas had prevented appellant from fixing
his lien, under the statute, for material furnished. There could have
been no fraud in the promise, because the allegations show, that
even after the completion of the building there remained more than
enough in the hands of Villegas to pay appellant's debt, and that it
allowed a more vigilant creditor to seize by garnishment a portion of

the money. There was no consideration whatever for the promise to notify appellant, and if Villegas had made a direct positive verbal promise to have paid the debt of Mas to appellant, the promise, as being obnoxious to the statute of frauds, could not have been enforced. The promise made by Villegas did not constitute him the agent or guardian of appellant, and legally, whatever may have been his moral obligation, he was not bound to give any notice to appellant. He was neither morally nor legally bound to pay the debt due by Mas to appellant. The statutes of Texas favor materialmen, and give them an expeditious and inexpensive proceeding in which to protect themselves from loss on account of lumber and material furnished to contractors, and appellant alleges no reasons whatever for holding the owner liable for the debts of the contractor, when he neglected to pursue his statutory remedy. In order to hold Villegas for fraud in misrepresenting the facts to appellant, the pleading should show that Villegas knew that appellant intended to act, and the misrepresentation must have been made with the object and intent to have induced appellant not to act in the collection of his debt; but there is no allegation that there was any such knowledge on his part, nor can any such knowledge be logically brought home to him from the statements of the pleadings. There is no positive allegation of a misstatement of the amount that Villegas was indebted to Mas at the time of the conversation, and the mere failure to perform a promise to notify appellant before any of the money was paid, could not render Villegas guilty of such fraud as to make him liable for the debt. The general rule as to promises is, that they are without the domain of law unless they create a contract; and that when they create a contract, a breach gives to the injured party simply a right of action for damages, and not a right to treat the other party as guilty of fraud. Still, it has been held that there are instances where fraud might arise from a mere promise where there was no intention to perform the promise when made. There must, however, be a fraudulent intent in the promise. 1 Bige. on Frauds. It will be seen from the above exceptions to the rule, that the promise made must be one which would create a contract that would form the basis of a suit at law. The promise in this case was not of that character, and as before intimated, would not have been such had Villegas promised to pay the debt outright.

It was not error to sustain the demurrer, and the judgment is affirmed.

*Affirmed.*

Delivered November 21, 1894.