[No. 1702. Decided June 13, 1895.]

PUGET SOUND BRICK, TILE AND TERRA COTTA COMPANY, *Respondent*, v. SCHOOL DISTRICT NO. 73, KING COUNTY, WASHINGTON, *Appellant*.

BOND OF CONTRACTOR FOR ERECTION OF SCHOOL BUILDING — LIABILITY OF SURETIES FOR MATERIALS.

A bond taken by a school district under Gen. Stat. § 2415, for the purpose of securing payment by the contractor to all laborers, mechanics and materialmen furnishing services or goods to him in the

erection of a school building, is insufficient when it is conditioned that the sureties shall be liable only in case the contractor fails to "perform said work and comply with said contract, plans and specifications to which reference is hereby made, and the same made a part of the bond."

*Appeal from Superior Court, King County.*

*A. G. McBride,* and *S. H. Piles,* for appellant.
*Charles F. Fishback,* for respondent.

The opinion of the court was delivered by

HOYT, C. J.—The appellant let a contract for the construction of a school building to one S. E. Clough, and took from him a bond with sureties conditioned as follows:

"The condition of the above obligation is such that, whereas said S. E. Clough has been awarded the contract to construct for said school district a brick school building to be built in said district according to the plans and specifications thereof made and prepared by A. L. Haley, arct., and in accordance with all details. Now, therefore, if said S. E. Clough shall faithfully, timely and truly do and perform said work and comply with said contract, plans and specifications to which reference is hereby made, and the same made a part of the bond, then the above obligation to be void; otherwise to remain in full force and virtue."

The respondent furnished material to said contractor to be used, and which was used, in the erection of said building, and, not having been paid, brought this action to recover therefor of the appellant.

There is substantial agreement between counsel that, if the bond in question was not one upon which an action could be maintained by one who had furnished materials to the contractor, the judgment of the lower court was right and should be affirmed. It is also practically conceded that such action could not

be maintained upon the bond unless it came within the provisions of § 2415 of the General Statutes. The bond provided for in that section is one so conditioned as to require the contractor to pay all laborers, mechanics and material-men and persons who shall supply such contractor with provisions or goods of any kind, all just debts due to such persons or to any person to whom any part of such work is given, incurred in carrying on said work; and the question presented for our decision is as to whether or not the conditions of the bond in question so far complied with the provisions of this statute as to bring it within its terms.

Appellant concedes that the bond, if construed independently of the contract to which it referred, could not be held to come within the provisions of the statute. But it is claimed in its behalf that by the terms of the bond the contract was made a part thereof and should be considered in construing it, and that the two instruments taken together are sufficient to show an evident intent upon the part of all the parties to comply with the provisions of said § 2415.

It may well be doubted whether the contract was understood to be a part of the bond for any other purpose than to ascertain what was to be secured thereby to the appellant; that is, to secure the erection of the building by the contractor in accordance with the plans and specifications referred to in the contract. But if we should agree with the contention of the appellant that the bond was given to secure the performance by the contractor of every provision of the contract, we should yet be unable to agree with its further contention that the contract in express terms provided for the payment for the materials by the contractor. It is true that it is therein provided that

he shall furnish the materials, and it would be fair to presume that that meant that he should furnish them at his own expense, but it could not be inferred from the fact that he was required to do this that he thereby bound himself to pay the persons from whom the materials should be obtained. We are therefore unable to find anywhere in the contract any provision which, if it had been incorporated in the bond, would have sufficiently complied with the conditions required in the statute referred to, to bring it within its terms.

We must therefore hold that it was not a statutory bond, and if it was not, it is clear that the respondent could maintain no action thereon as it was in no manner privy thereto.

It follows that the appellant had not protected itself as required by the section cited, and for that reason must be held liable in an action by one who had furnished supplies to the contractor for the erection of the building.

The judgment will be affirmed.

ANDERS, DUNBAR, SCOTT and GORDON, JJ., concur.