### THE CITY OF STERLING, for use, etc.

*v.*

### DAVID WOLF *et al.*

*Filed at Ottawa November 9, 1896.*

1. SURETY—*the liability of a surety is stricti juris.* As the undertaking of a surety must be strictly construed, he cannot be held beyond the terms of his undertaking by implication or construction, and cases of doubt are generally resolved in his favor.

2. SAME—*liability of surety on contractor's bond for materials furnished.* A provision in a contract between a city and a sewer contractor that he should "furnish all materials," does not make his sureties liable to third persons for materials furnished him, although the contractor's proposal provided that he would furnish sureties for the payment of materials contracted for.

*Wolf* v. *City of Sterling*, 61 Ill. App. 515, affirmed.

APPEAL from the Appellate Court for the Second District;—heard in that court on appeal from the Circuit Court of Whiteside county; the Hon. JAMES SHAW, Judge, presiding.

C. L. SHELDON, and BENNETT & GREEN, for appellant:

Where any contract is made for the benefit of a stranger to the contract, such third party may maintain an action on the contract. *Burton* v. *Larkin*, 59 Am. Rep. 543; *Express Co.* v. *Haggard*, 37 Ill. 465.

If one make a promise to another for the benefit of a third person, such third person may maintain an action upon such promise. *Knapp* v. *Swaney*, 56 Mich. 345.

A city, when constructing public works, is chargeable with the moral duty of protecting the persons who fur-

nish lumber and material for the erection of the building, as far as possible.   *Sample* v. *Hale*, 51 N. W. Rep. 837; *City of Duluth* v. *Heney*, 45 id. 7; *Sepp* v. *McCan*, 50 id. 246; *Baker* v. *Bryan*, 21 id. 83.

J. E. McPHERRAN, and A. A. WOLFERSPERGER, for appellees:

The liability of sureties is not extended, by implication, beyond the terms of their contract.   To the extent and in the manner and under the circumstances pointed out in their obligation they are bound, and no further. *Miller* v. *Stuart*, 9 Wheat. 702; *Blair* v. *Insurance Co.* 10 Mo. 559; 3 Parsons on Contracts, (8th ed.) 534.

The measure of liability of sureties is fixed by the terms of the instrument they sign, and such undertaking cannot be enlarged or varied by judicial construction, and doubt is always solved in favor of the surety.   *Stull* v. *Hance*, 62 Ill. 52; *Mix* v. *Singleton*, 86 id. 194.

The legislatures in many States have granted to cities the power and imposed upon them the duty of taking bonds to secure laborers and material-men.   *St. Paul* v. *Butler*, 16 N. W. Rep. 362; *Morton* v. *Power*, 24 id. 194; *Bank* v. *Henry*, 41 id. 411.

Mr. JUSTICE WILKIN delivered the opinion of the court:

Michael Real entered into a written contract with the city of Sterling to construct certain sewers for it.   Appellees, with others, became his sureties to the city, in the sum of $41,402, for the faithful performance of his contract.   The city sued on this obligation and obtained a judgment for the penalty of the bond, debt and $2.44 damages.   Afterwards a breach was assigned, claiming damages for the Evans & Howard Fire Brick Company, for material furnished Real, which he failed to pay for. Certain pleas to this new assignment were held bad on demurrer, and the defendants failing to plead over, damages were assessed by a jury at $3615.90, and judgment for that amount accordingly entered.   That judgment has

been reversed by the Appellate Court. (61 Ill. App. 515.) The Appellate Court agreed with the circuit court that the defendants' pleas were bad, but held the assignment of breach showed no right of recovery in the parties for whose use it was made, and therefore the demurrer should have been carried back and sustained to it. This decision is based upon the ground that the contract between the city and Real does not bind him to pay third parties for material used in performing the contract, and therefore his failure to do so constituted no breach of the obligation of his sureties.

Without reference to the question whether the contract of suretyship by appellees is such a bond as that, under section 21 of the Practice act, a writ of inquiry could properly be sued out by these parties, the decision of the Appellate Court is, we think, clearly right, for the reason stated in its opinion. It is not claimed that the contract in express terms bound Real to pay for the materials. He agreed to "furnish all labor, materials and tools necessary to execute the entire work," but it is not pretended that under that agreement appellees can be compelled to pay for such labor, material and tools. In a proposal by Real to the city he agreed to enter into a contract to perform the work, and to "furnish such sureties for the faithful performance of such contract, the payment of materials contracted for, and for the payment of laborers' wages and liens that may arise therefrom, as may be approved by the city council." In one of the specifications attached to the contract it was stipulated: "In consideration of the completion by said Michael Real, party of the second part, of all the work embraced in this contract in conformity with the specifications and stipulations herein contained and in strict accordance with the instructions of the engineer, the city of Sterling, Illinois, party of the first part, hereby agrees to pay to the said party of the second part the prices named in the 'proposal' which is hereto annexed

and which is hereby made a part of this contract." Counsel for appellant insist that by this reference the part of the proposal in which Real says he will furnish sureties for the payment of materials, etc., became a part of the contract between him and the .city, and therefore appellees, by their bond, agreed to become liable for any failure on his part to perform that offer. They go further, and contend that the proposal to furnish sureties for the payment of all materials should be held binding upon appellees as a contract between their principal and the city that he would pay for such material, etc.

If the question were between the contractor and the city, it would be going very far to hold that the parties intended the proposal to become a part of their agreement, except in so far as it fixed the prices of the work; but to hold that they must have so intended, and then not only carry that intention into the contract of appellees but enlarge the meaning of the language in the proposal, would be to violate the plainest rules of the law of suretyship. The rule has been re-announced by this court in almost numberless cases, that the undertaking of a surety is strictly construed, and may not be extended by implication or construction,—that he cannot be held beyond the express terms of his undertaking. The liability is *stricti juris.* In case of doubt the doubt is generally resolved in his favor. To hold that it was intended by the parties that the sureties for Real were to become responsible to third parties for all the material, labor and tools employed and used by him in the performance of his contract with the city, would be to hold the sureties liable not only beyond the letter of their contract, but make them liable by a most liberal, and, we think, unjustifiable, construction of their contract.

The judgment of the Appellate Court is right, and will be affirmed.                    *Judgment affirmed.*

Mr. JUSTICE CARTWRIGHT took no part.