W. L. MACATEE v. H. HAMILTON ET AL.

Delivered December 23, 1896.

Bond of Contractor for Building—Right of Third Party to Sue Thereon.

A contractor's bond stipulating that it should enure to the benefit of the owners, and of any other person advancing at their request money used in the construction of the building, can not be sued on by a material man who, without request from the owners, furnished material for the building to the contractors.

APPEAL from the County Court of Harris.     Tried below before Hon. JOHN G. TOD.

W. P. Hamblen, for appellant, cited Parisa v. City of Dallas, 83 Texas, 258; Mack Stadler v. Tully Bros., 3 Willson's C. C., sec. 472; Bohannon v. Pope, 42 Me., 93; Bluer v. Dyer, 7 Cush., 337; Barker v. Bradley, 42 N. Y., 316; 1 Wait's Act. and Defs., 103.

Coleman & Ross, for appellees, cited Santleben v. Alamo Cement Co., 25 S. W. Rep., 143; Jones Lumber Co. v. Villegas, 8 Texas Civ. App., 669, 28 S. W. Rep., 558; Anson on Contracts, 209; House v. Houston Waterworks Co., 31 S. W. Rep., 179; Exchange Bank v. Rice, 107 Mass., 39; s. c., 9 Am. Rep., 1; Segars v. Segars, 71 Me., 530; Colt v. Ives, 31 Conn., 25; s. c., 81 Am. Dec., 161; Hall v. Huntoon, 7 N. H., 345; s. c., 26 Am. Dec., 741.

NEILL, ASSOCIATE JUSTICE.—Appellant in this case was plaintiff, and the appellees, H. Hamilton, and B. A. Reisner, were defendants in the court below.    The plaintiff sued for $396.15, alleging in substance that one G. T. Macon, on the 15th day of September, 1894, entered into a contract in writing with the Pythian Hall Association whereby he agreed to construct to completion for the Association, a three story brick building according to certain plans and specifications prepared by the architects.    That by said contract Macon agreed to furnish and pay for all materials, labor, etc., necessary to the erection and completion of such structure, and not to allow any mechanic's lien or claim for any materials furnished in performance of his contract to be created against the building, but covenanted with the Association that he would pay off and satisfy, when due, any and all claims of indebtedness, of whatever . nature, incurred in its construction, and hold the Association blameless, and indemnify it against all demands and liens which might be filed or asserted by any person against the edifice or ground upon which it should be erected.

That to secure the performance of said contract, on the 17th day of September, 1894, G. T. Macon, as principal, and the defendants as sureties, executed to the Pythian Association their bond in the sum of $6000, which contains the following stipulation or agreement: "And we agree to pay the said Pythian Hall Association, or any other person

advancing, at their request, money used in the construction of said improvements, the full amount of all sums of money so advanced for the payment of labor performed or material used in the construction of said building, and also to indemnify the said Pythian Hall Association and any other person advancing money as aforesaid, against all damages for loss which may be sustained by them on account of any failure of the said G. T. Macon to comply fully with all the terms of said agreement relative to the construction of said improvements, not to exceed the aggregate in the sum of $11,674, above mentioned, by the said Pythian Hall Association, used in the construction of said improvements, being by us authorized, so far as we are concerned, to build or complete said certain improvements, at our cost and expense, according to the terms of said agreement, and to pay for any material used in or labor performed upon said improvements when due. In case of failure or neglect on the part of the said G. T. Macon so to do, this bond being given for the use and benefit of any person who may advance money used in the construction of said improvements, or pay for labor employed thereon or material used therein, as well as for the benefit of said Pythian Hall Association, and any or either of them are hereby authorized to sue on this obligation."

It is further alleged in the petition that on divers times from September 28, 1894, and up to January 30, 1895, the plaintiff sold and delivered to Macon a large quantity of material which was used in the construction of said building, and of the value of $581.90, on which only $185.75 had been paid, leaving a balance due of $365.15; that Macon died insolvent in June, 1895, and that by reason of said contract and bond, Hamilton and Reisner were liable to him for the balance of such indebtedness.

The defendants in their answer interposed a general exception to the petition, and specially excepted to it on the grounds, (1) that it did not show the material was sold to Macon at their instance or request, or upon their representation that they would pay for them; (2) that it does not appear therefrom that plaintiff parted with anything of value by reason of said bond; (3) that it appears from the allegations that plaintiff is not a party to the bond nor contract upon which he bases his action, and (4) that it affirmatively appears from the petition that plaintiff is not one of the beneficiaries referred to in the bond.

These exceptions were sustained, and, the plaintiff declining to amend, the judgment was rendered against him from which he appeals.

We apprehend that this statement of the case is sufficient to demonstrate the correctness of the judgment of the court below. As is said by counsel for appellees in their brief: "There are two beneficiaries referred to in Macon's bond, or rather, one beneficiary and a class of beneficiaries, namely, The Pythian Hall Association and any person advancing money to G. T. Macon at the request of the Pythian Hall Association, to be used in the construction of the Pythian Hall, and as appellant does not allege that he advanced money to Macon, he does

not fall within the class of beneficiaries above mentioned, and he cannot sue upon the bond. By mentioning the above beneficiaries and expressly conferring upon the first the right of suit, and attempting to confer it upon the second, all others not mentioned are excluded from a right of action upon the bond." Santleben v. Alamo Cement Co., 25 S. W. Rep., 143; M. T. Jones Lumber Co. v. Villegas, 28 S. W. Rep., 558; Exchange Bank of St. Louis v. Rice, 107 Mass., 41.

The judgment is affirmed.

*Affirmed.*