GREEN BAY LUMBER CO., Appellant, v. INDEPENDENT SCHOOL
DISTRICT OF ODEBOLT, IOWA, Defendant, AND FARMERS'
LUMBER AND COAL COMPANY, ST. JOHN & BARQUIST,
GEORGE LESHER AND GEORGE SMITH, Cross Petitioners,
Appellants.

Contractor's Bond: CONSTRUCTION OF: LIABILITY OF SURETIES. A
builder's contract required him to "provide all the material
and perform all the work," and his bond contained the same
condition and for a delivery to the school district of said
"school house free from liens or claims of any kind and that
he should pay any sum of money that the district should be
compelled to pay to discharge any liens or claims against said
building or which may be claimed against the district."
*Held*, that the bondsmen were not liable to subcontractors for
material and labor put into the building, and that they could
not maintain an action on the bond therefor.

*Appeal from Sac District Court.*—HON. Z. A. CHURCH,
Judge.

SATURDAY, OCTOBER 31, 1903.

ON the 7th day of July, 1899, C. H. Weaver entered
into a contract with the independent district of Odebolt to
"provide all the materials and perform all the work men-
tioned in the specifications or shown in the drawings" of
the architects in the construction of a school house.   To
insure compliance therewith, he executed a bond running
to the district, with appellants as sureties, with the con-
dition that if "the said C. H. Weaver fully complies with
all the requirements of the said contract and shall build
said school house and shall furnish the materials for the
same, and all labor necessary for the full completion and
carrying out of said contract, and shall deliver to said

Independent School District of Odebolt, Iowa, said school house and accompaniments completely finished and in perfect shape and condition according to said contract and the specifications and drawings and all changes and additions and subtractions made thereto free from any liens or claims of any kind, on or before the first day of December, A. D. 1899, and if the said obligors shall pay all damages and expenses and make good all sums of money that may be incurred by the Independent School District of Odebolt, Iowa, by reason of any defects in the materials or workmanship in the erection of the said building, and shall pay to the said Independent School District of Odebolt, Iowa, any and all sums of money for which the said C. H. Weaver may, in any way, become liable to the Independent School District of Odebolt, Iowa, by reason of his foregoing contract with the said Independent School District or any nonfulfillment thereof; and shall pay any sum of money that the said Independent School District of Odebolt, Iowa, may be compelled to pay to remove any liens, or encumbrances or claims of any kind against said building, or which may be claimed against the Independent School District of Odebolt, Iowa, and shall pay any and all expenses that the said Independent School District of Odebolt, Iowa, may incur or be compelled to pay by reason of the nonfulfillment of the said contract of the said C. H. Weaver, then this obligation to be void, otherwise to be in full force or effect." The plaintiff and cross petitioners furnished Weaver materials and labor which went into the building, in the execution of this contract, and, in their respective petitions, prayed judgment thereon against the sureties on the bond. The sureties demurred on the ground that the bond was executed solely for the benefit of the district. The demurrer was sustained, and, as plaintiff and interveners elected to stand on the ruling, their petitions were dismissed, and they appeal.—
*Affirmed.*

*C. C. & C. L. Nourse* for appellant Green Bay Lumber Company.

*Shaw, Sims & Kuehnle* for appellant Farmers' Lumber & Coal Company.

*Chas. S. Macomber* and *St. John & Stevenson* for appellants St. John & Barquist.

*W. A. Helsell* for appellee Independent School Dist. of Odebolt.

*Will E. Johnston* for appellees Weaver and others.

LADD, J.—The sole question on this appeal is whether the bond executed by the contractor to the school district was also intended for the benefit of sub-contractors furnishing labor and materials. If not so intended, the sureties are not liable, and the demurrer was properly sustained. It will be observed that the contract merely required Weaver to provide materials and perform the labor, but contains no stipulation in relation to the payment therefor by him. A condition for compliance therewith imposed on the bondsmen no liability to the subcontractors. *Noyes v. Granger*, 51 Iowa, 227; *Puget Sound Brick & Tile Co. v. School Dist.* 12 Wash. 118 (40 Pac. Rep. 608). The bond exacted first the erection of the building in compliance with the contract, and its "delivery free from any liens or claims of any kind." As no liens or claims might be asserted against the building, the sureties were safe in pledging that it should be without them. *Charnock v. Dist. Tp. of Colfax*, 51 Iowa, 70. Certainly an agreement to discharge them cannot be implied from a contract that a building shall be delivered clear of liens and claims, and it is inferred therefrom that payment shall be made of claims which could in no event be asserted against the building. *Baker v. Bryan*, 64 Iowa, 561, con-

tains nothing to the contrary. There the contract required that the contractor "shall have produced receipts for labor and material used thereon" before the last fifteen per cent. of the price should be paid, and the bonds stipulated that he shall "pay all claims for material, labor," etc., "used in the construction of said building and produce proper receipts therefor." This amounted to a direct promise to make payment to those entitled thereto. Neither the bond nor the contract in suit exacts of the contractor payment of labor or materials used in the building. The only provision, aside from that quoted, which could be relied on, is the condition that he "shall pay any sum of money that said Independent School District of Odebolt, Iowa, may be compelled to pay to remove any liens and incumbrances or claims of any kind against said building or which may be claimed against the Independent School District of Odebolt, Iowa, and shall pay any and all expenses that said Independent School District of Odebolt, Iowa, may incur." This does not bind contractor or sureties to pay any claims whatever, but merely to reimburse the district any sums of money it may be compelled to pay to remove liens, incumbrances, or claims against the building, or any of these which may be claimed against the district. By no fair construction can the language be said to bind the contractor to pay any liens or claims whatever. It binds him to do no more than repay the district what it has been compelled to pay for the purposes mentioned. A careful reading of the bond leads to the inevitable conclusion that the sole object had in its execution was the indemnity of the school district. Not having been executed for the benefit of the labor and material men, they cannot recover thereon. See *Weller v. Goble*, 66 Iowa, 113; *Hunt v. King*, 97 Iowa, 88. The suggestion that the district became liable because of knowledge that plaintiff was furnishing material on credit is disposed of by *Epeneter v. Montgomery Co.*, 98

Iowa, 159. In *Iowa Brick Co. v. Des Moines*, 111 Iowa, 272, it appeared that a sum necessary to pay the company was on hand after the claim was filed, and all held was that plaintiff was entitled to priority out of the fifteen per cent., of the contract price reserved for the benefit of subcontractors in the order of the filing of claims. What has been said disposes of the contention that plaintiffs may recover on the bond, even though something be found owing by the district. The bond not being for their benefit, no recovery may be had thereon. The demurrer was rightly sustained.—AFFIRMED.

SHERWIN, J.—I am unable to agree with the opinion of the majority, for the reasons stated in the opinion filed upon the original submission of this case, found in 97 N. W. Rep. 73, and think the judgment should be reversed.

DEEMER, J, concurs in this dissent.