CARR & BAAL COMPANY, Appellant, v. CONSOLIDATED INDEPENDENT DISTRICT OF BUSSEY et al., Appellees.

BONDS: Beneficiary—Who May Maintain Action. A subcontractor may not maintain an action on a bond given by the principal contractor to the owner, and conditioned for the performance of the contract, when the contract and bond are both silent on the subject of the payment of subcontractors. (See Secs. 356, 3467, Code, 1897.)

*Appeal from Marion District Court.*—J. H. APPLEGATE,
Judge.

NOVEMBER 22, 1919.

ACTION by plaintiff, manufacturers and jobbers of mill work at Des Moines, Iowa, against the Consolidated Independent District of Bussey, Iowa, and Oskar Knutson, contractor, and the Chicago Bonding & Surety Company, to recover the value of mill work furnished by it, and used in the construction of a consolidated school building by Knutson, at Bussey, Iowa. The trial court found that plaintiff was not entitled to the relief asked, but was entitled to receive from the school district the balance on the contract price of the school building left in the hands of the district; that the school district was not liable to plaintiff upon a certain $600 warrant; that plaintiff was not entitled to relief against the school district on account of the alleged changes in the building made under the direction of the architect, who, under the terms of the contract, was the

final arbiter.  The court further found that the plaintiff is not entitled to recover in any sum against the Chicago Bonding & Surety Company; that the bond given by the Surety Company to the School District was not made for the benefit of subcontractors, and does not contain any promise or agreement to pay their claims, and does not cover the claim that the plaintiff has against the contractor, Knutson, upon items of material furnished to the contractor, Knutson, for which it was not paid: and the claim of the plaintiff, Carr & Baal Company, against the Chicago Bonding & Surety Company is found to be without equity, and the same is dismissed upon its merits.  The court made other findings as to other defendants, the contractor and intervener, which appear not to be material on this appeal. The plaintiff appeals.—*Affirmed.*

*Roy E. Cubbage,* for appellant.

*Burrell & Devitt, Coffin & Rippey,* and *Theodore Mantz,* for appellees.

PRESTON, J.—1.  Counsel for appellant state that, as the appeal will be presented, the sole issue is this: Is the defendant Chicago Bonding & Surety Company liable to the plaintiff for the value of building materials furnished by plaintiff to the contractor, and used in the construction of the school building, by virtue of the bond furnished by said surety company to the school district?  Errors are assigned by appellant, and they are that the trial court erred in holding that there was no privity between plaintiff and the bonding company; in holding that the bond was not given for the benefit of the plaintiff; in holding that there was no requirement of the bond or contract upon which plaintiff could base a claim for payment; and in dismissing the petition.  The material part of the contract between the contractor and the school district is as follows:

"This agreement  *  *  *  witnesseth: That the said

party of the first part, for and in consideration of the payments to be made to and by the said second parties as hereinafter provided do hereby covenant, contract and agree to furnish all labor and materials necessary to finish and complete all the work of a two-story and basement school building (excepting the plumbing and heating) otherwise all work and material according to the plans, specifications and drawings (which are declared to be a part of this agreement), made by Morrison & Thorne architects (acting as agent for said owner), in a good substantial and workmanlike manner, to the satisfaction of and under the direction of the superintendent.

"And said first party also do agree to find, provide and furnish all labor and materials of such kinds, qualities and descriptions, as shall be fit, proper and sufficient for completing and finishing all the work or works mentioned (provided that possession of the premises be given to the contractor), on or before June 15, 1915, and completing the building on or before October 15, 1915. Time to be extended only in case of general strike, alterations, fire or unusual action of elements.

"And the second parties for and in consideration of the first party completely and faithfully executing the aforesaid work, and furnishing all the materials therefor, so as fully to carry out this contract, and the design, according to its true spirit, meaning and intent, and by and at the times mentioned, and to the full and complete satisfaction of Morrison & Thorne superintendent do we hereby agree to pay to said party the sum of fifteen thousand seven hundred and eighty-three ($15,783.00) dollars, lawful money of the United States on certificates of superintendent, from time to time, as the work progresses, to wit: 85 per cent of the estimated value of the same, subjected to additions and reductions, as hereinafter provided, and the remainder

on satisfactory completion and acceptance of the entire work, after the expiration of 20 days.

"It is agreed by the parties that fifteen per cent of the contract price shall be held by the owner as security for the faithful completion of the work, and may be applied, under the direction of the superintendent, in the liquidation of any damages under this contract; furnishing to the owner a release from any liens or right of lien, also a sworn statement, as required by law, before commencing work on this contract and hereby acknowledges receipt of notice to furnish same.   *   *   *

"In witness whereof: The said parties have hereunto set their hands and seal the 4th day and year first above written.

                          "Oskar Knutson,        (Seal)
"In presence of      '    "J. Wilbur Anderson,   (Seal)
"J. Cample W. Morrison   "J. E. Sandiland.      (Seal)"

It appears that a printed form of contract was used, and its blanks filled in. At the top of this form, the following appears in print:

"Copyrighted. For sale by Eugene Dietzgen Co. Chicago, New York, San Francisco, New Orleans, Pittsburg, Toronto."

Appellees contend that this has a bearing on the construction of the contract; that the form is one in use in other states and Canada, and evidently refers to some requirement in the laws of some place other than Iowa; that the contractor must furnish some kind of a sworn statement to the owner "before commencing work on the contract." The bond given by the contractor and surety company follows:

"Know All Men By These Presents: That we Oskar Knutson, of the city of Des Moines, and state of Iowa, as principal, and the Chicago Bonding and Surety Company, as surety, are held and firmly bound unto the Independent

School District of Bussey, Iowa, in the penal sum of forty-eight hundred dollars ($4,800), lawful money of the United States, well and truly to be paid to the said Independent School District of Bussey, Iowa.

"The condition of the above obligation is such that whereas the above-named Oskar Knutson has this day entered into a contract with the above mentioned Independent School District for the erection of a public school in the said town of Bussey, Iowa. Now therefore if the said Oskar Knutson shall well and faithfully perform and keep all the conditions of said contract on his part to be kept and performed, and shall well and truly protect the interests of the said Independent School District, then this bond to be void, otherwise to remain in full force and effect.

"Witness our hands this 4th day of June, 1915.

"Signed by Oskar Knutson,

(Corporate Seal)    "Chicago Bonding and Surety Co.,

"By Fred S. Young, Attorney in Fact."

Thereafter, and pursuant to agreement between the contractor, Knutson, the plaintiff furnished lumber and mill work which was used in the construction of the school building, only a part of which has been paid. The contractor abandoned the work, and the district, under proper certificate of the architect, completed the building, and charged the expense thereof against the funds in his hands. This action is brought to establish plaintiff's claim against funds alleged to be yet in the hands of the district, as provided by Code Section 3103, and to enforce payment by the Bonding Company of the balance of its account, on the theory that the original contract between the district and the contractor required the contractor to provide for the payment of materialmen, and that the Bonding Company had obligated itself to plaintiff in such sums as should be found due and unpaid, after exhausting the funds in the hands of the district. The trial court did establish and allow plaintiff's

claim against the funds and in the amount that the court found was then in the hands of the district. Appellees contend that the bond is purely an indemnifying agreement; that the contract and specifications are not made a part of the bond; that the bond merely agrees to indemnify the School District against loss. Appellees say that, though appellant does not directly state that the building contract requires the contractor to furnish the district with releases from sworn statements, filed with the district by subcontractors, under Code Section 3102, yet appellant intimates this, by saying that plaintiff filed its sworn statement with the School District within the time and manner provided by that statute. Appellees think these two last-mentioned matters are of some importance. They deny that the contract contains any provision which requires the contractor to furnish the School District releases of claims filed under our statute. The argument is that the phrase "before commencing work on this contract" does not relate back to the word "release;" that the sentence is not capable of any such grammatical construction as contended for by appellant.

As before indicated, the printed contract seems not to have been drawn or prepared with reference to the Iowa law. It seems to us there could be no liens before any work was commenced, and that the furnishing of releases of actual liens before commencing any work would be impossible; and this would be true of a right to a lien in most cases. A materialman could not acquire a right to a lien before he furnished any material. Appellees dispute appellant's second claim, just referred to, as to the alleged filing of plaintiff's claim. It seems that plaintiff did file a claim, but there was some question as to whether it was sworn to. It seems that the trial court permitted plaintiff to amend at the trial in this respect, but without prejudice to other parties. We think the court was right in this. There

seems to have been considerable controversy over this point at the trial, but we shall not go into any further detail on these two last questions, because of appellant's suggestion that there is but one question in the case, as now presented, and that is whether the bond covers plaintiff's claim. The School District was held not liable to appellant, and was saved harmless from any liability on account of plaintiff's claim; and of this we do not understand appellant to complain.

2. It is doubtless true, as contended by appellant, that, under Section 3467 of the Code, plaintiff would have the right, though not named in the bond, to sue thereon, if the bond covers plaintiff's claim, and was intended for the security of plaintiff. Appellant's real contention is, as they state it, that, where the contract and bond involved, fairly construed, show an obligation on the part of the contractor to pay the subcontractor for material furnished, the subcontractor may sue and recover on the bond. On this they cite *Baker & Co. v. Bryan*, 64 Iowa 561; *Jordan v. Kavanaugh*, 63 Iowa 152; *Haakinson & B. Co. v. McPherson*, 182 Iowa 476. The *Baker* and *Jordan* cases are discussed in the *Haakinson* case, as are other cases. It depends upon the construction of the contract. The *Haakinson* case was decided on demurrer. In that case, the contract provided that the plans and specifications were a part of the contract. The specifications provided that the successful bidder should furnish a bond, drawn to protect the county, and any subcontractor. The instructions to bidders contained a similar provision. The plaintiff in that case submitted his bid and agreed to furnish such a bond. The bond provided that its principal, the contractor, should discharge the duties and obligations assumed in the contract. One of these obligations was that the contractor should pay the subcontractor. It was held that the only reasonable construction of the entire agreement was that the subcon-

tractor should be paid.  In *Hay v. Hassett*, 174 Iowa 601, the bond provided, in substance, that, if the contractor should fully perform his contract, "and meet all obligations as to the full payment of wages and money due subcontractors, workmen, and employees, and for all materials used, etc.," the bond was to be void; otherwise, in full force.  Similar conditions are found in *Empire State Surety Co. v. City of Des Moines*, 152 Iowa 531; *Getchell & M. Lbr. & Mfg. Co. v. Peterson*, 124 Iowa 599; *Hipwell v. National Surety Co.*, 130 Iowa 656; and other cases.  In *Empire State Surety Co. v. City of Des Moines*, supra, it seems to have been held that the liability on the bond does not depend on the subcontractor's compliance with the statute, so as to be entitled to participate in the funds in the hands of the city.  Such is not the situation here.  This bond provides that, if the contractor shall perform and keep all the conditions of his contract, and protect the interests of the school district, then the bond is to be void.  There is nothing, by any express provision or by implication, that the bond guarantees the payment by the contractor of subcontractors.  There is no promise in the bond or contract or specifications to pay subcontractors.  The cases hold that there must be a promise to pay for materials furnished, in such language or form that the failure of the contractor to pay for materials will constitute a breach of the condition of the bond.  *Greenfield Lumber & Ice Co. v. Parker*, 159 Ind. 571, and other cases cited in note to 27 L. R. A. (N. S.) 591.  In *Green Bay Lbr. Co. v. Independent School District*, 121 Iowa 663, the bond was conditioned that, if the contractor fully complies with all requirements of said contract, and shall build said schoolhouse and furnish the materials for the same, and all labor necessary for the full completion and carrying out of said contract, and deliver to the school district said schoolhouse, finished according to the contract and the specifications and draw-

ings, and shall pay any sum of money that the said school district may be compelled to pay, to remove any liens or incumbrances or claims of any kind against the building, or claims against the district, then the obligation to be void; otherwise, in full force. In that case, plaintiff furnished the contractor materials which were used in the construction of the school building, and sought to recover the value thereof from the surety on the bond. The court said:

"It will be observed that the contract merely required Weaver to provide materials and perform the labor, but contains no stipulation in relation to the payment therefor by him. A condition for compliance therewith imposed on the bondsmen no liability to the subcontractors. *Noyes v. Granger,* 51 Iowa 227; *Puget Sound Brick, etc., Co. v. School Dist.,* 12 Wash. 118 (40 Pac. 608). The bond exacted, first, the erection of the building in compliance with the contract, and its 'delivery free from any liens or claims of any kind.' As no liens or claims might be asserted against the building, the sureties were safe in pledging that it should be without them. *Charnock v. District Twp. of Colfax,* 51 Iowa 70. Certainly, an agreement to discharge them cannot be implied from a contract that a building shall be delivered clear of liens and claims, and it is inferred therefrom that payment shall be made of claims which could in no event be asserted against the building. * * * Neither the bond nor the contract in suit exacts of the contractor payment of labor or materials used in the building. * * * A careful reading of the bond leads to the inevitable conclusion that the sole object had in its execution was the indemnity of the school district. Not having been executed for the benefit of the labor and materialmen, they cannot recover thereon."

In the *Hipwell* case, supra, the contract provided that the contractor should promptly pay for all labor and ma-

terials used in and about the building, and hold and save the city, the other party to the contract, harmless from and against all and every demand or demands of any nature or kind for and on account of liens for labor and materials, etc.   Nothing of that kind appears in the instant case.   If there is any connection between the surety company and the materialman, it must be found in the undertaking of the contract to furnish the owner a release from any liens or right to liens.   This matter has already been referred to, and, as shown, may not be given the force sought to be given such expression by appellant.   Furthermore, the *Green Bay Lumber Co.* case, supra, seems to hold that such provisions in the contract are not to be construed in favor of materialmen, and that it created no obligation on the part of the contractor to pay for the materials.   The language in the contract in the instant case, in regard to furnishing a release, etc., even if it should be construed as contended for by appellant, would seem to be no stronger than the language in the contract in the *Green Bay Lumber Co.* case, where it is provided that the contractor "shall deliver to said school district said schoolhouse and accompaniments, completely furnished  *  *  *  free from any liens or claims of any kind."   The surety is bound only by the terms of its contract or the conditions of the bond.

We reach the conclusion that the object in the execution of the bond in question was the indemnity of the school district, and that it was not executed for the benefit of the plaintiff.   This being so, plaintiff may not recover on the bond.—*Affirmed.*

LADD, C. J., EVANS and SALINGER, JJ., concur.