13182

BARRINGER v. FIDELITY & DEPOSIT CO. OF MARYLAND
WATERS v. SAME

(159 S. E., 373)

6

Mr. *Henry E. Davis*, for appellant, 

Mr. *Sam J. Royall*, for respondent, 

June 22, 1931.

The opinion of the Court was delivered by MR. ACTING ASSOCIATE JUSTICE JOHN I. COSGROVE.

These two appeals come from the Civil Court of Florence, in Florence County. By agreement of counsel they were heard together upon stipulations as to the facts and without a jury. They involve the liability of appellant as surety on a contractor's bond furnished under the terms of a building contract with Atlantic Coast Line Railroad Company covering certain additions to a building in the City of Florence,

owned by that company, and known as the Atlantic Coast Line Y. M. C. A. The trial Court upheld the liability of the surety for the full amount claimed in each action. His order in the Barringer suit (which by stipulation also determined the Waters' claim), is fully set forth in the record and should be reported.

Appellant's exceptions are twofold, as follows:

"I. The Court erred, it is respectfully submitted, in refusing to find in favor of the defendant in each of the cases, for the reasons stated in its motion for a directed verdict, which were as follows:

"1. In that the bond on which the suit is brought secured a purely private contract between J. M. Lawton and Atlantic Coast Line Railroad Company, and was intended solely and exclusively for the protection of Atlantic Coast Line Railroad Company, and the plaintiff, a third party and an utter stranger to said contract and bond, has no right of action against this defendant on said bond.

"2. In that the bond on which the suit is brought in effect provided that all claims thereon had to be filed within one year after the final payment to the contractor, and the present claim not having been so filed, the plaintiff cannot maintain the action.

"3. In that the bond was released by the contracting parties before this suit was brought, and being so released, all rights of action thereon, either by the original parties thereto or by third parties, are at an end.

"II. The Court erred, it is respectfully submitted, in holding that the plaintiff was entitled to maintain this action under the provisions of Section 338 of the Code of Procedure of South Carolina of 1922, the error being that said section had no application to the facts of this case and if it is applied to such facts, the section operates to deprive the defendant of its property without due process of law, in violation of the provisions of the Fourteenth Amendment to the Constitution of the United States."

Exception I, to our mind, is fully and satisfactorily disposed of by the order of the trial Judge.

The application of Section 338, Code of Civil Procedure 1922, to the contract involved herein, which is questioned by Exception II, was entirely in consonance with the decisions of this Court, cited in the order appealed from.

The case of *Home Insurance Co. v. Dick*, 281 U. S., 397, 50 S. Ct., 338, 74 L. Ed., 926, relied on by appellant in support of this exception, is without application There, the contract upon which suit was instituted in the State Court of Texas was made and was to be performed without the State of Texas, and hence, as held by the United States Supreme Court, was not governed by the laws of that State.

The contract in this case is a South Carolina contract, made and to be performed within this State, and therefore governed by the laws of this State. *Owen v. Insurance Co.*, 84 S. C., 253, 66 S. E., 290, 137 Am. St. Rep., 845.

The orders appealed from in these cases are therefore affirmed.

MR. CHIEF JUSTICE BLEASE and MESSRS. JUSTICES STABLER and CARTER concur.

MR. JUSTICE COTHRAN (dissenting): The judgments in these two cases in my opinion should be reversed and the motions of the defendant for directed verdicts in its favor should have been granted for two reasons:

(1) The bond in question was given to secure the faithful performance of a private contract between the contractor and the owner of the building; it was intended solely and exclusively for the protection of the owner; each of the plaintiffs is a third party, an utter stranger to the contract and bond, and has no right of action against the defendant surety upon the bond.

(2) The specifications, contract, and bond provide that the obligation of the surety company upon the bond shall remain in full force and effect for the term of one year after

the date of the payment of the final estimate pursuant to the terms of the contract.

I. The contract provides that the contractor shall provide all transportation and material, shall employ all necessary labor, and shall perform all the work for the complete erection in the most substantial and workmanlike manner of the proposed construction of a Y. M. C. A. building at Florence, S. C., for the Atlantic Coast Line Railroad Company. It also provides that the contractor shall supply a good and sufficient bond acceptable to the railroad company conditioned upon the faithful carrying out and completion of the contract. The same requirement appears in the specifications. The bond which was executed as per contract was conditioned upon the faithful performance of each and every provision of the contract.

It will be observed that in neither the specifications nor in the contract nor in the bond is there a requirement of the payment of bills for material or labor. This is important in view of a comparison between the case at bar and the cases of *Mack Manufacturing Company v. Mass. Bonding Company,* 103 S. C., 55, 87 S. E., 439, 443 and *Standard Oil Company v. Powell Company,* 139 S. C., 411, 138 S. E., 184, 188.

I do not think that either of these cases is controlling upon the issue presented, for the bond in each of these cases required the payment of all such claims.

The *Mack case* involved a bond which expressly provided for the payment of "all claims of all persons who furnish the material and supplies used in the construction of said works."

In the *Standard Oil Company case* the Court called direct attention to the fact that the surety provided for in the contract was defined to be one who "engages to be responsible for his [the contractor's] payment of all debts pertaining to * * * the work for which he has contracted." The bond was conditioned for the performance of all "the terms

and conditions of the contract." Taking these two provisions together, it would seem clear that the bonding company expressly agreed as the surety defined in the contract to pay the claims of materialmen. For this reason it was held in both of these cases that the materialmen were entitled, as beneficiaries of the bond, to recover upon it.

In the *Mack case* the rule for determining whether a stranger to a contract could maintain an action upon the bond was thus stated:

"A stranger to a contract between two other persons cannot recover upon it, unless it appears, not only that it confers a benefit upon him, but that it was made for his benefit.

"A stranger to a contract between two other persons cannot recover upon it, unless it appears, not only that it was made for his benefit, but also that there was some obligation or duty from the promises to him, which supplies the consideration of the contract."

Applying these tests to the present case, it does not appear possible to conclude that the bond was given for the benefit of either of the plaintiffs; nor can it be found that there was any obligation or duty imposed upon the owner, that would supply the consideration for any contract in favor of a materialman. The Court declared in the *Mack case* that it was not expressly stated that the intent of the bond was simply to save harmless the city. In the present cases the bond declares in specific terms that it was taken "solely for the security and advantage of the railroad company." It is manifest that the intent of the parties to the bond was not to provide for third parties, and that therefore it cannot be construed as conferring a benefit upon the materialmen here involved.

As found by the Court in both cases, the bonds involved specifically provided for the payment of claims of materialmen. In the present case there is not a syllable in the bond, contract, or specifications requiring the payment of such claims. Manifestly, therefore, neither of the present plain-

tiffs can claim any benefit under the bond and have no right to maintain this action. *Southern Surety Co. v. U. S., etc., Co.* (C. C. A.), 13 F. (2d), 833; *Staples-Hildebrand Co. v. Metal Co.*, 62 Ind. App., 592, 112 N. E., 832; *City of Sterling v. Wolf*, 163 Ill., 467, 45 N. E., 218; *Greenfield v. Parker*, 159 Ind., 571, 65 N. E., 747; *Jones Lumber Co. v. Villegas*, 8 Tex. Civ. App., 669, 28 S. W., 558; *Montgomery v. Rief*, 15 Utah, 495, 50 P., 623; *Parker v. Jeffery*, 26 Or., 186, 37 P., 712; *German Alliance Ins. Co. v. Home-Water Supply Co.*, 226 U. S., 220, 33 S. Ct., 32, 57 L. Ed., 195, 42 L. R. A. (N. S.), 1000; *Green Bay Co. v. Independent School District*, 121 Iowa, 663, 97 N. W., 72; *Dayton Lumber Co. v. New Capital Hotel*, 222 Ky., 29, 299 S. W., 1063; *First Methodist Church v. Isenberg*, 246 Pa., 221, 92 A., 141; *Alongite Mfg. Co. v. Fidelity & Deposit Co.*, 100 Kan., 28, 163 P., 1076, L. R. A., 1917-D, 722; *Uhrich v. Globe Surety Co.*, 191 Mo. App., 111, 166 S. W., 845; *Maryland Casualty Co. v. Johnson* (D. C.), 15 F. (2d), 253; *National Surety Co. v. Brown-Graves Co.* (C. C. A.), 7 F. (2d), 91; *U. S., etc., Co. v. Gleason*, 135 Wis, 539, 116 N. W., 238, 17 L. R. A. (N. S.), 906; *Builders' Lumber & Supply Co. v. Chicago Co.*, 167 Wis., 167, 166 N. W., 320; *Du Pont v. National Surety Co.*, 90 Wash., 227, 155 P., 1050, 13 C. J., 707; *Jefferson v. Asch*, 53 Minn., 446, 55 N. W., 604, 25 L. R. A., 257, 39 Am. St. Rep., 618.

In *Montgomery v. Rief*, 15 Utah, 495, 50 P., 623, it is held, quoting syllabus: "Where a bond is given for the faithful performance of a contract for the erection of a public building, the bondsmen, whose undertaking is for the benefit of the State, and not for material men and laborers, are not liable upon their bond to third parties for labor performed or material furnished. Nor can any new and undefined liability be established in such case by implication in behalf of a mere stranger to the contract, who might become incidentally benefited by its performance."

In *Greenfield v. Parker,* 159 Ind., 571, 65 N. E., 747, it is held, quoting syllabus: "One who contracted with a township to build a schoolhouse for it gave a bond conditioned that he would provide the labor and material at his own cost, and that the township should not be answerable therefor. Held, that the sureties on the bond were not liable to persons who had furnished the contractor materials."

In *Sterling v. Wolf,* 163 Ill., 467, 45 N. E., 218, it is held, quoting syllabus: "In an agreement for the construction of a sewer, the contractor undertook to 'furnish all labor, materials, and tools necessary to execute the entire work,' and gave a bond with sureties for the faithful performance of his contract. Held, that the sureties were not bound to pay third parties for materials used in performing the contract."

In *Staples v. Metal Co.,* 62 Ind. App., 592, 112 N. E., 832, it is held, quoting syllabus: "Where the contract and bond for municipal work merely provided that the contractor should furnish and deliver all material, perform all work and labor, etc., the guarantor on the bond was not liable to a materialman, there being on such a bond to a materialman no provision binding the contractor to pay for labor and material, or such language used that without such payment the contract could not be complied with."

In *Green Bay Co. v. School District,* 121 Iowa, 663, 97 N. W., 72, it is held, quoting syllabus: "A contract for the building of a schoolhouse required the contractor to 'provide all the materials and perform all the work' necessary, and his bond, which ran to the school district alone, was conditioned that he should provide the materials and all labor necessary for the completion of the contract, and for the delivery to the district of 'said schoolhouse free from any liens or claims of any kind,' and, further, that he should 'pay any sum of money that the district may be compelled to pay, to remove any liens, incumbrances or claims of any kind against the building, which may be claimed against the district.' Held,

that the bondsmen were not liable thereunder to materialmen for labor and materials put into the building."

In the *Greenfield case, supra,* the Court said: "The agreement on the part of the contractor to provide the material and labor and construct said schoolhouse at his own cost, and that the school township should not be answerable or accountable therefor, is not the equivalent of a promise to pay the debts contracted for such purpose. Whenever the same were provided by the contractor without making the school township 'answerable or accountable' therefor, said stipulation was complied with, whether the contractor paid cash therefor or obtained the same on credit." The Court quotes from the case of *Hart v. State,* 120 Ind., 83, 21 N. E., 654, 24 N. E., 151, as follows: "As the agreement is written, it simply obligates the sureties of the contractor to answer for the failure to construct and complete the sections of the road designated, according to the provisions of the contract entered into with the engineer and superintendent. We cannot perceive any legal reason upon which the obligors can be held in this action without evidence that they agreed to be bound for debts due persons performing labor and furnishing material." And concludes: "It is evident that appellant is not entitled to the benefit of the contract and bond, because not within the terms thereof. The failure of Parker, the contractor, to pay the claims sued upon, was not, therefore, a breach of said contract and bond. In all the cases cited by appellant there was either in the bond or contract secured thereby a provision that the contractor would pay for the labor and material, or in such language that the same could only be complied with by paying for such labor and material; and whenever said provision was in the contract, and not in the bond, the bond in express terms secured the performance of the same. Such cases have, therefore, no application here."

In the *Staples case, supra,* the Court said: "In order to hold a surety or guarantor liable to a materialman on a bond

of this character, there must either be a provision in the contract binding the contractor to pay for labor and material, or such language used that, without paying for such material, the contract could not be complied with. The provision in the contract and bond that the contractor is to 'furnish and deliver all the material' is not such a promise to pay for such material that the guarantor on the bond is liable to a materialman who has furnished materials to the contractor, nor is such a promise deducible from the language of the entire contract. *Greenfield Lumber, etc., Co. v. Parker,* 159 Ind., 571, 65 N. E., 747; *Knight & Jillson Co. v. Castle,* 172 Ind., 97, 87 N. E., 976, 27 L. R. A. (N. S.), 573; *Townsend v. Cleveland Fire Proofing Co.,* 18 Ind. App., 568, 47 N. E., 707; *Snider v. Greer-Wilkinson Co.,* 51 Ind. App., 348, 96 N. E., 960."

In the *Montgomery case, supra,* the Court said: "Nor does it appear that any relation existed between the trustees and Rief which could inure to the benefit of material men and laborers, and render the sureties liable. It is true, the contract provides that Rief shall furnish all the material and labor necessary to complete the building, but it nowhere contains a covenant that he shall pay for all such material and labor before the building shall be turned over by him and accepted by the trustees. Nor does the bond contain any such covenant."

See, also, *Jones Co. v. Villegas,* 18 Tex. Civ. App., 669, 28 S. W., 558; *Smith v. Bowman,* 32 Utah, 33, 88 P., 687, 9 L. R. A. (N. S.), 889; *Townsend v. Cleveland Co.,* 18 Ind. App., 568, 47 N. E., 707; *Searles v. Flora,* 225 Ill., 167, 80 N. E., 98; *Electric Co. v. Fidelity Co.,* 110 Wis., 434, 85 N. W., 648, 53 L. R. A., 609; *Puget Co. v. School District,* 12 Wash., 118, 40 P., 608; *Hunt v. King,* 97 Iowa, 88, 66 N. W., 71; *Macatee v. Hamilton,* 15 Tex. Civ. App., 108, 38 S. W., 530; *Armour v. Western Co.,* 36 Wash., 529, 78 P., 1106.

II. In the decree of the lower Court and in the leading opinion, it is considered that the clause in the bond, "This obligation shall remain in full force and effect for a period of one year after the date of the payment of final estimate pursuant to the annexed contract," is controlled by Section 338 of the Code Civ. Proc., which is set forth in the order of the County Judge. The distinction between the two is marked; the clause in the bond is a valid and substantial element of the contract between the parties; the statute inhibits an agreement altering the Statute of Limitations; the one fixes a limitation upon the cause of action, the other a limitation upon the remedy, assuming that there exists "a cause of action arising out of said contract." If the complaining party has not a cause of action under the contract, by reason of the stipulation that the obligation under it ceases at the expiration of the limited time, clearly the statute has no application.

In *Macdonald v. Ins. Co.*, 90 Conn., 226, 96 A., 926, the Court said: "The status and rights of the parties in the present case are matters of contract. The parties by express stipulation could limit the time when the liability of the indemnity company should expire."

There appears to be no question but that the bond company may limit its liability to claims filed within a certain time, or to claims arising within a certain period, or to claims for losses discovered within a fixed period; it is not perceived why the company could limit the period covered by the bond without impinging upon the statute in reference to the Statute of Limitations.

The *Macdonald case, supra,* is precisely in point; the immaterial difference between it and the present case is that the stipulation in it was that the policy should cease and determine at the end of the year, and in the present case the obligation was limited to one year.

The case of *Sumter v. U. S. F. & G. Co.,* 116 S. C., 29, 106 S. E., 778, cited in the decree below, presents no obstacle

to the foregoing conclusion for the reason that in that case the provision which was held to be controlled by the statute, Section 338 of the Code, specifically referred to the time within which an action should be instituted.

Upon either ground above stated I think that the judgments should be reversed, and the cases remanded to the lower Court, with direction to enter judgment in each case in favor of the defendant under Rule 27.