WELLER v. GOBLE ET AL.

1. **Builder's Contract:** BOND TO SECURE: LIABILITY OF SURETIES TO
   MATERIAL-MEN. G. entered into a contract with D. to erect certain
   buildings for D. within the time specified, and to apply the money
   received by him under the contract in payment for materials and labor,
   to the end that no mechanics' liens should be put on said buildings; and
   W. & C. entered into an obligation to D. guarantying that G. would
   perform his contract. *Held* that. the contract of guaranty was not
   intended for the benefit of persons who furnished materials for the build-
   ings, in such sense as to give them a right of action against the guaran-
   tors. *Jordan v. Kavanagh*, 63 Iowa, 152, and *Baker v. Bryan*, 64 Id.,
   561, distinguished.

*Appeal from Dickinson District Court.*

FRIDAY, APRIL 24.

THE plaintiff furnished lumber for the erection of certain
buildings which the defendant Goble built for the defend-
ant Davison. The plaintiff brings this action to establish a
mechanic's lien upon the premises, and he also asks for a
judgment for the amount due him against the defendants
Wright and Carleton, who became guarantors for Goble for
the performance of his contract. The defendants Palmer &
Smyth were also material-men, and the defendants Griffin &
Adams were assignees of material-men, and they filed cross-
petitions praying, respectively, for the establishment of a
mechanic's lien, and for judgment against Wright and Carle-
ton. To the petition filed by the plaintiff, and the cross-
petitions filed respectively by Palmer & Smyth and Griffin &
Adams, the defendants Wright and Carleton demurred, and
their demurrer was sustained, and the petition and cross-peti-
tions were dismissed as to Wright and Carleton, and from
the order sustaining the demurrer and dismissing the peti-
tions and cross-petitions, the plaintiff, Weller, and defendants
Palmer & Smyth and Griffin & Adams, appeal.

*Parker & Richardson*, for plaintiff and Griffin & Adams.

*W. S. Bemis*, for Palmer & Smyth.

No appearance for the other parties.

ADAMS, J.—The question presented is as to whether Wright and Carleton, as guarantors of Goble's contract with Davison, the owner of the property, became liable to the material-men. The petition and cross-petitions set out the contract, and the demurrer raised the question as to whether the material-men were privy to the contract. The position of the material-men is that, while they were not specifically named in the contract, and do not, even under the general denomination of material-men, expressly appear to be parties to it, yet it was intended for their benefit, and that, such being the fact, they are entitled to recover, under the doctrine expressed in *Jordan v. Kavanagh*, 63 Iowa, 152, and *Baker v. Bryan*, 64 Id., 561. But, in our opinion, the case at bar differs from those cases in the material point. Wright and Carleton not only did not guaranty that Goble would pay the plaintiff and the cross-petitioners specifically, but they did not guaranty that he would pay them under any general designation which necessarily includes them. In *Jordan v. Kavanagh* the obligation of the sureties was that Kavanagh should "pay all just claims against him for labor performed or materials furnished in the work under the contract." In *Baker v. Bryan* the obligation of the sureties was that Bryan should "pay all claims for material, labor, etc., used in the construction of the building." The defendants Wright and Carleton did not incur any such general obligation. They did not guaranty that Goble would pay *all* the material-men. They did, it is true, guaranty that Goble would perform his contract with Davison. But Goble's contract with Davison was to build the buildings within the time specified, and apply the money received by him under the contract in payment for materials and labor.

We have a case, then, where a person agreed with another to apply a specific fund in payment of individuals who are not designated, except as belonging to a certain class. Under the guarantied contract, Goble was at liberty to pay such individuals of the class as he might see fit. The breach of the contract alleged is that some of the fund he has not applied in payment of any of the class. But, as he was only bound to apply the fund as he should elect, and not to pay any particular individual, we are unable to see how any individual can maintain an action. Possibly, if the money had all been properly applied, all would have been paid; but that does not appear, nor is it material. The question must turn upon the construction of the contract. Was it intended for the benefit of the material-men in such sense as to give them a right of action? We think not. It was undeniably intended for the benefit of Davison. If it had been intended that other persons should have a right of action upon it, they should have been specifically designated, or a whole class should have been provided for, which necessarily included the persons. It is true that the purpose of the contract is stated in these words: "To the end that no mechanics' lien shall be put on said buildings, or any of them;" but there was no express contract to keep the buildings free from liens. The express contract was to apply the money in a particular way; and it was assumed that such application would keep the buildings free from liens. If the money had been applied as agreed, however many material-men had been left unpaid, no one would claim that Wright and Carleton were liable. We see no error in the ruling of the court, and the judgment must be

AFFIRMED.