JOHN HUNT, Appellant v. GEORGE KING, *et al.*

**Bond:** CONSTRUCTION: *Counties.* A bond made to secure a county for the performance of a building contract, entered into between the county and a contractor, providing that a final settlement thereunder shall not be had while there are liens thereon chargeable to the county, imposes no liability on the bondsmen, in favor of the material men whose claims are not chargeable to the county.

*Appeal from Franklin District Court.*—HON S. M. WEAVER, Judge.

WEDNESDAY, JANUARY 29, 1896.

THE defendants, other than George H. King, are John F. Scott, O. F. Dorrance, and some seven others. In 1890 the defendant King entered into a written contract with Franklin county, Iowa, to erect in said county a court house, for the agreed price of forty thousand dollars, the said King to furnish the labor and materials therefor. The contract contained specifications as to the construction and the payments to be made. To secure the county for the performance of the contract on his part, King executed a bond, with John F. Scott, O. F. Dorrance, and the other defendants as sureties. The plaintiff furnished to King, materials for use in the construction of the court house, and he is the assignee of other claims for materials so furnished, all of which claims are unpaid, and the defendant King is insolvent. This action is on the bond to recover for the materials so furnished. The petition recites the contract and bond, with other facts, and asks judgment. The defendants, other than King, demurred to the petition, and from a ruling sustaining the demurrer the plaintiff appealed. --*Affirmed.*

*E. P. Andrews* and *John M. Hemingway* for appellant.

*John T. Scott* and *J. W. Luke* for appellees.

GRANGER. J.—The contract, after recitals as to the manner of construction of the building, contains the following: "For and in consideration of the faithful performance of the foregoing stipulations by the party of the second part, the party of the first part, said Franklin county, agrees to pay to the party of the second part, the sum of forty thousand dollars, as follows: Every fourth Saturday after the commencement of the excavation for said building, and during the continuous erection of said building, the superintendent, as designated by the party of the first part, shall make the estimate of all materials delivered on the premises, or used in the construction, and all labor done on said court house building, which estimate shall be in writing, and particularly set forth the items of material and labor furnished and done, which estimate shall be the only voucher for the payment of money to the party of the second part. Twenty per cent. of each estimate shall be retained by the party of the first part until the works are fully completed and accepted by the party of the first part, (but in no case shall said estimates exceed the proportionate contract price of said building, and all materials, when estimated, shall become the property of the party of the first part), when all unpaid percentages, or estimates, or other sums that may be due shall be paid; provided that, upon a final settlement, a certificate shall be procured from the superintendent, that said building is erected in a good and workmanlike manner, and that the drawings and specifications are fully complied with; and *provided, further, that a satisfactory certificate shall be obtained to the effect that no mechanic's liens or other*

*claims are chargeable to the party of the second part;* and provided, further, that all drawings, details, and specifications shall be delivered to the superintendent of the party of the first part." The demurrer presents the question that the plaintiff is neither a party nor a privy to the contract, so as to be entitled to recover the bond. The particular language relied on by appellant is that italicized, which is a proviso against full payment before a "satisfactory certificate shall be obtained to the effect that no mechanic's liens or other claims are chargeable" to the county. Appellant's thought is that King's undertaking with the county was that he "should perform all the covenants of his contract, including the agreement to pay all parties who did work upon the building or furnished material." But the contract does not say that. The county has only contracted against payment when there are liens or claims chargeable to it. Would it be contended that the county could avoid payment to King, because material or labor was not paid for, if it conceded that claims therefor were not chargeable to it? The contract could bear no such construction, because of the definite language used. We do not discover a word to indicate a purpose of the county to protect others than itself from loss because of payments made. The provisions are against liens or claims "chargeable to it." A reason for such a provision in its own behalf is found in the provision of the law by which a laborer or material furnisher has a claim against a public corporation for labor or material furnished for the construction of any public building. Acts Twentieth General Assembly, chapter 179. Appellant cites *Jordan v. Kavanaugh*, 63 Iowa, 152 (18 N. W. Rep. 851), and *Baker v. Bryan*, 64 Iowa, 561 (21 N. W. Rep. 83). The cases are different. In each case there was a bond given to secure the performance of the contract on the part of the contractor. In the first case the contract

in terms provided that Kavanaugh should pay all just claims against him, or against any subcontractor under him, for labor or material.   It was held that the bond was given as security that Kavanaugh would perform the covenants in the contract.   In the other case the bond recited that it was security that the principal "would pay all claims for labor and material used in the construction of the building, and produce proper receipt therefor."   The same rule was applied in that case.   In those cases the bondsmen were held to the terms of their undertakings.   No such terms are employed in this contract, or the bond.   They purport to secure the county against liability because of liens or claims.   It seems to us that the court below was clearly right, and the judgment is AFFIRMED.