ROBERT HAY, Appellee, v. THOMAS J. HASSETT, Appellee, and
   FIDELITY & DEPOSIT CO. OF MARYLAND, Appellant.

BONDS: Actions—Actions by Third Parties—When Authorized. Any
person intended to be secured by a bond given to a municipal
corporation may maintain an action thereon in his own name for
a breach of the conditions of the bond. (Sec. 3467, Code, 1897.)

   PRINCIPLE APPLIED: One Hassett contracted with the city
to build a sewer and to furnish all materials and labor therefor.
He gave a bond for the faithful performance of the contract, with
conditions as follows:
   "Now therefore, if the said T. J. Hassett shall faithfully and
fully perform said contract, and all its covenants, for the price
and consideration therein named, and meet all obligations as to
the full payment of wages and moneys due subcontractors, work-
men and employees, and for all materials used, to the satisfaction
of said city of Dubuque, then this obligation to be void, otherwise
to be of full force and virtue."
   Held, an unpaid materialman had the right to maintain an
action thereon in his own name against the surety.

CONTRACTS: Construction—Manifest Intent Weighed Against Lit-
eral Words. Rule of construction: Not necessarily what the
parties may have *literally* said in their contract, but what did they
manifestly intend and purpose by what they did say?

   PRINCIPLE APPLIED: See No. 1. Held, the clause, "to the
satisfaction of said city of Dubuque," should be treated as having
application to the quality of the contractor's work and materials,
and not to the matter of payments to the subcontractors.

PRINCIPAL AND SURETY: Discharge of Surety—Bonds Guaran-
teeing Public Work—Materialmen. A surety on a public im-
provement bond running to the city, but intended for the secur-
ity of materialmen as well, is not released because the material-
man, knowing that the contractor had assigned all that was
coming to him, relied on the bond, and did not, under Sec. 3102,
Code, 1897, attempt to enforce any right against the fund in
the hands of the city.

PLEADING: Motion to Strike—Waiver. Error, if any, in overrul-
ing a motion to strike certain allegations from the petition is
waived by answering and going to trial on the merits.

TRIAL: Reception of Evidence—Omnibus Motion to Strike. A mo-

tion to strike out evidence, embracing both competent and in-competent, is properly overruled.

**APPEAL AND ERROR:** **Dilatory Appeals—Penalty.** Record held not sufficient to justify the taxation of the statutory penalty for taking dilatory appeals.

*Appeal from Dubuque District Court.*—ROBERT BONSON, Judge.

SATURDAY, MARCH 11, 1916.

ACTION at law upon a surety bond. At the close of plaintiff's evidence, the defendant stating that it had no evidence, there was a directed verdict for plaintiff. The defendant, the Fidelity & Deposit Company, appeals.—*Affirmed.*

*Kenline & Roedell,* for appellant.

*William Graham,* for appellee.

PRESTON, J.—One Hassett entered into a contract with the city of Dubuque for the construction of a sewer, and to furnish all the materials and do all the work and labor for its construction. To secure the full performance of the contract on his part, he gave to the city a bond, with the appellant as surety, conditioned:

"That if the said Hassett shall faithfully and fully perform said contract, and all its covenants, for the price and consideration therein named, and meet all obligations as to the full payment of wages and money due subcontractors, workmen and employees, and for all materials used, to the satisfaction of the city of Dubuque, then this obligation to be void, otherwise to be in full force and virtue."

The appellee furnished the sewer pipe and cement used in the construction of the sewer, no part of which has been paid for, and, on July 10, 1913, brought this action against Hassett, upon his account for materials furnished for said sewer, and, on November 14, 1913, obtained a judgment against Hassett for $1,234.60 and costs, but, service not having been had on the surety company, the action against it was not

tried until May 7, 1914. On the trial, the execution of the contract with the city and the giving of the surety bond by the defendant corporation having been admitted in the pleadings, the plaintiff proved the furnishing of the materials by him to Hassett, and that they were actually used in the construction of the sewer, and that the materials so furnished had not been paid for, and rested.

Thereupon, appellant moved for a directed verdict in its favor, and the plaintiff also moved the court to direct a verdict in his favor. The court overruled the defendant's motion and called on the defendant to produce its evidence, when defendant's counsel stated that, ''We are taking exceptions to the ruling of the court. That is all we are doing. We have no evidence.'' Thereupon, the court directed a verdict in favor of the plaintiff for $1,263, and judgment was entered for that amount, with interest and costs.

1. Complaint is made by appellant as to rulings by the trial court on minor matters which will be referred to later. The principal point relied upon by appellant is, as they state it, that, under the terms of the contract and bond, and the facts in evidence, the bond as executed was intended solely for the benefit of said city of Dubuque, and none other, no breach of the bond has occurred, and defendant's motion to direct a verdict should have been sustained. They cite a number of authorities in support of their proposition. It is true, of course, that the liability of surety is to be determined by the specified conditions of the bond, and their liability cannot be enlarged beyond such specified conditions. *Kuhl v. Chamberlain,* 140 Iowa 552.

1. BONDS: actions: actions by third parties: when authorized.

The intent of the parties is to be gathered from the nature of the instrument, fairly read in the light of all the circumstances attending its making and the apparent purpose that it was intended to serve. *Van Buren County v. American Surety Co.,* 137 Iowa 490-5; *Getchell & Martin Lumber & Mfg. Co. v. Peterson & Sampson,* 124 Iowa 599; *U. S. Fidelity &*

*Guaranty Co. v. Iowa Telephone Co.,* 174 Iowa 476, decided at the present sitting.

It is said by appellant that the general rule is that, where contracts are to be performed "to the satisfaction" of adverse party, the party to be satisfied is the judge of his own satisfaction. *Inman Manufacturing Co. v. American Cereal Co.,* 124 Iowa 737, and cases cited. But the party must have acted in good faith and be honestly dissatisfied. See cases above.

Upon appellant's main proposition, as before stated, the following may be cited as illustrative of their cases: *Hunt v. King,* 97 Iowa 88; *Hutchinson v. Krueger,* (Okla.) 33 Ann. Cases (1914 C), 98, 102. In the last named case, the condition of the bond was "to pay all claims for labor and material contracted in the erection of said county jail building to each and all persons entitled thereto, and which claims might be the basis of liens on said lots and buildings," etc. Held that the obligation of the bond extended only to such claims as "might become liens," and that the sureties were not liable on account of claims that are not and could not become liens. So, also, in the *Hunt* case, where the contract provided:

"Provided, further, that a satisfactory certificate shall be obtained to the effect that no mechanics' liens or other claims are chargeable to the party of the second part."

Because of this language, plaintiff argued that the bond required payment to all parties who did work upon the building or furnished material. The court said that the contract does not so provide, and that the provisions are against liens or claims chargeable to it, and that a reason for such a provision in its own behalf is found in the provision of the law by which a laborer or material furnisher has a claim against a public corporation for labor or material furnished for the construction of a public building. But there is no such provision in the bond in the instant case. The language is:

"That if the said Hassett shall . . . meet all obligations as to the full payment of wages and money due subcon-

tractors, workmen and employees, and for all materials used," etc.

Appellant company places stress upon the words in the bond, "to the satisfaction of the city of Dubuque," and they say that, if that phrase was not in the condition of the bond they would be ready to admit that the bond was intended for plaintiff's benefit; but, that being there, it means something. The language, taken altogether, is a little awkward. But it occurs to us that, if Hassett had paid for all materials, so far as this provision is concerned it must have been to the satisfaction of the city of Dubuque, and that the words in regard to the satisfaction of the city have reference more particularly to the performance by Hassett of the contract as to the quality of materials and the nature of the work and the like. It seems to us that this is a fair and reasonable construction of the contract and expresses the intent of the parties.

*2. CONTRACTS: construction: manifest intent weighed against literal words.*

Section 3467, Code, 1897, provides:

"When a bond or other instrument given to the state or county or other municipal or school corporation, or to any officer or person, is intended for the security of the public generally, or of particular individuals, action may be brought thereon in the name of any person intended to be thus secured, who has sustained an injury in consequence of a breach thereof, except when otherwise provided."

So that the question is whether the bond was intended for plaintiff and whether there has been a breach of the condition of the bond. We have already referred to the condition. That the bond was intended for plaintiff and that he may sue thereon seems to have been determined by this court against appellant's contention. *Hipwell v. The National Surety Co.,* 130 Iowa 656; *Shorthill Co. v. Bartlett,* 131 Iowa 259; *Empire State Surety Co. v. Des Moines,* 152 Iowa 531, where it was held that subcontractors and laborers are entitled to the

benefit of contracts such as set out in the petition, and may maintain action thereon in their own names.

It should have been stated before that Hassett had given to one Kemler an order on the city for the full amount coming to him, and this was known to plaintiff. So that plaintiff,

3. PRINCIPAL AND SURETY: discharge of surety: bonds guaranteeing public work: materialmen.

as a subcontractor, had a right to rely on the security of the undertaking of appellant and remain passive, and his failure to file his claim with or to proceed against the city of Dubuque, did not operate to release the appellant from its liability on the bond. *Whitehouse v. American Surety Co.,* 117 Iowa 328; *Read v. American Surety Co.,* 117 Iowa 10.

2. It is said that the court erred in overruling defendant's motion to strike portions of plaintiff's petition, wherein it is averred that the bond sued on was executed to secure

4. PLEADING: motion to strike: waiver.

payment for all materials used in the construction of the sewer by Hassett, and that the bond was conditioned that Hassett would meet all obligations for materials used by him; and that defendant has not fully performed all its covenants relating to payment of materials because the same are incompetent and the bond speaks for itself. Our conclusion, as heretofore announced, disposes of this objection. Furthermore, appellant did not stand upon the ruling on the motion to strike, but answered, raising the same questions, and proceeded to trial upon the merits after the adverse ruling, and therefore waived its exception. *Sullivan v. Kenney,* 148 Iowa 361, 370; *Scribner v. Taggart,* 123 Iowa 321, 326.

3. Plaintiff testified that he furnished all the materials to Hassett for the construction of the sewer, consisting of sewer pipe and cement. On cross-examination, he testified that

5. TRIAL: reception of evidence; omnibus motion to strike.

he did not deliver all this material himself, but that his teams delivered it, and he described the system they have in regard to delivery, and that he had therefrom every

reason to believe that the material was all used in the construction of that sewer. Possibly some of this evidence would have been objectionable, but it was brought out upon cross-examination, and there was no objection at the time. At the close of his testimony, defendant moved to strike out all of his evidence because an incompetent conclusion, irrelevant and immaterial, and not binding upon this defendant. Some of his evidence was clearly competent, and there was no error in overruling the motion to strike all of it. *State v. Hasty*, 121 Iowa 507, 517.

Hassett, the contractor, testified that he got the materials from plaintiff and was furnished a bill therefor, and that they were all used in the construction of that sewer. At the end of the testimony of this witness, the defendant moved to strike all of it. There was no objection until the evidence was all in, and some of the evidence was competent—we think all of it.

Plaintiff contends that the appeal is so without merit that the statutory penalty ought to be assessed against the defendant. It is a close question whether it ought not to be done; but, under all the circumstances of the case, we think the penalty ought not to be assessed.

6. APPEAL AND ERROR: dilatory appeals: penalty.

There is no error in the record, and the judgment is therefore—*Affirmed*.

EVANS, C. J., DEEMER and WEAVER, JJ., concur.