MATTIE CAMPBELL et al., Appellants, v. F. M. DAVIS,
Appellee.

APPEAL AND ERROR: Briefs—Disregard of Rules. Total disre-
gard of the rules governing the preparation of briefs on appeal
justifies a total disregard of the appeal. Rule 53.

*Appeal from Adams District Court.*—THOMAS L. MAXWELL,
Judge.

WEDNESDAY, JUNE 20, 1917.

FOR reasons 'stated later, a statement of the case in
brief, the issues, and their determination, is not made here.
—*Affirmed.*

*J. H. Ritchey,* for appellants.

*Stanley & Stanley,* for appellee.

SALINGER, J.—Rule 53 requires the
APPEAL AND brief of appellant to contain "a short and
ERROR: briefs: clear statement disclosing:"
disregard of
rules.
A. "The nature of the action."
B. "What the issues were."
C. "How the issues were decided."
D. "A brief and concise statement of so much of the
facts as fully presents the errors and exceptions relied
upon."
E. "The errors relied upon for a reversal."
The rule provides further that:
"Following this the brief shall contain, under a sepa-
rate heading of each error relied on, separately numbered
propositions or points, stated concisely, and without argu-
ment or elaboration, together with the authorities relied on
in support of them. * * * No alleged error or point, not
contained in this statement of points, shall be raised after-

wards, either by reply brief, or in oral or printed argument, or on petition for rehearing."

We are of opinion that this rule provides that, if its requirements are totally not met, appellant has no right to review. . In the case we have, there was literally no attempt to comply or compliance with any requirement of said rule. We could not state the nature of the action, what the issues were, or how they were decided, without making a thorough and complete examination of most of the abstract and all of the argument for appellant. It is doubtful if a study of all the argument would help on these heads. We could not venture to make "a brief and concise statement of so much of the facts as fully presents the errors and exceptions relied upon," without study of all the record. Appellant makes no attempt to make such statement. There is no statement of any errors relied on for reversal. There is neither a statement of error nor any separate or other heading of any error relied on; no statement of points under such heading or any other. The argument is precisely such as was the vogue before our said rule was made. It is a running mixture of abstract and argument. The first break comes on page 27; all that follows is on page 27. Assume that we could ascertain what our judgment is invited upon by a careful study of the whole of the argument, it is surely true that we could not ascertain this without such study. The rule is simple and of long standing. The disregard of it by appellant is absolute. If we shall consider this appeal on the merits, it were better to abrogate the rule. Its retention would serve no purpose.

The judgment of the trial court must be—*Affirmed.*

GAYNOR, C. J., LADD and EVANS, JJ., concur.