J. I. CASE THRESHING MACHINE COMPANY, Appellee, v.

C. H. DRAVIS, Appellant.

**APPEAL AND ERROR:** Briefs, Etc.—Point for Reversal—Failure to State. Failure to disclose the brief points relied on for reversal arms the appellate court, at its option, with right to wholly disregard the appeal.

*Appeal from Polk District Court.*—HUGH BRENNAN and W. H. McHENRY, Judges.

JANUARY 12, 1918.

WE pretermit the usual preliminary statement, because, as will presently appear, we should be enabled to make it only by an examination of the entire record.—*Affirmed.*

*D. J. Murphy* and *C. F. Wade,* for appellant.

*Parsons & Mills,* for appellee.

SALINGER, J.—The threshing machine company, appellee, brought action upon written contract for a balance due of $304. This much is revealed by the argument for appellee, and, no doubt, it might be gleaned by a careful examination of the abstract. Why an appeal is taken can be ascertained only by a thorough examination of the entire abstract, and a careful reading of the arguments *in extenso,* made on both sides. In no other way can be ascertained what the appellant complains of. There is literally no at-

tempt to outline a single error relied on for reversal, nor an attempt to state a single brief point. The presentation for the appellant begins as follows: "Division I. Argument on Motion for Change of Venue." Then follows an argument of some six pages *in extenso*. The next division is "Division II. Argument as to the Facts of the Case. The Petition." Then follows some argument *in extenso*. At the end of this is a caption, "The Answer," followed by a page and a half of argument *in extenso*. Then comes the naked statement that a verdict was directed against the defendant in the sum of $304. Next is a statement that this is a simple case, followed by elaboration. The next is the heading, "The Statement of Account," again followed by something like three fourths of a page of print. The next heading is "The Counterclaim," followed by something over half a page of printing. The next is "The Sale of the Car," followed by something like four pages. Next comes "Summary." This summary consists of more than a full page of print, and no one can ascertain its effect and applicability without an examination of the entire record, including both arguments. Then comes the caption, "Brief and Argument," something like two pages long. The next headline is, "It Was a Question for the Jury," followed by something less than a page of print. The final heading is, "Take the Whole Case." Here follows a little less than another page of print.

Counsel for appellant are members of this bar. The rules, which they have made no attempt to comply with, are of long standing, fairly simple, and should by this time be fully understood. Within a year, and earlier, too, we have not only repeatedly held that waiver of these rules is purely optional, but at least in one instance have affirmed, where failure to comply with the rules was certainly not more aggravated than in the instant case. In addition, we have, within that time, without disposing of the whole case upon

it, refused to consider some claim presented.    See *Campbell v. Davis,* 180 Iowa 314, and *State v. Burley,* 181 Iowa 981. The judgment below will stand—*Affirmed.*

PRESTON, C. J., LADD and EVANS, JJ., concur.