BUILDERS MATERIAL & SUPPLY COMPANY, Appellant, v. J. B. EVANS CONSTRUCTION CO., a corporation, ET AL., Respondents.

St. Louis Courts of Appeals. Submitted on Briefs February 9, 1920. Opinion Filed April 6, 1920.

1. **CONTRACTS:** Building Contracts: Contracts and Bonds for Construction of Schoolhouses: Clause in Specifications Requiring Bond Part of Contract. Where a contract between a contractor and a school board in express terms makes the specifications a part of the contract, a clause in the specifications requiring the contractor to furnish an acceptable surety bond for the full amount of the contract price guaranteeing the payment of all valid claims for all labor and material furnished for the building regardless of liens, was a part of the contract as fully as if written therein.

2. ———: ———: ———: ———: Bond Provision in Contract for Material Waived by Taking Different Bond. Though the speci-

fications for the construction of a school building made a part of the contract, provided for a bond guaranteeing the payment of all valid claims for all labor and material, it was competent for the schoolboard in taking the bond without such provision of the contract to waive it, and the school board must be regarded as having made such waiver by taking a bond indemnifying the obligee against loss, damage, liens, etc.

3. PRINCIPAL AND SURETY: Shcools and School Districts: Bonds for Construction of Schoolhouse: Action by Materialman: Surety Not Liable. The surety on a contractor's bond given to a school board by a contractor indemnifying it against loss, damage, liens, etc., was not liable to claims of subcontractors or materialmen; nor, because of its legal character, were its properties subject to mechanic's liens therefor, though the preamble of the bond makes reference to the specifications in the contract and provides that the contract is made a part of the bond as fully as if recited therein the taking of such a bond being a useless thing, the surety incurred no liability whatever.

4. PLEADING: Building Contracts: Bonds: Action on Builder's Bond: Bond and Contract Security for Third Parties: Conclusions. In an action on a contractor's bond to recover the cost of certain materials furnished, allegations in the petition that the bond was given for the security of third parties and that the contract was to like effect were conclusions and not statements of constitutive facts.

Appeal from the Circuit Court of Audrain County.— *Hon. Ernest S. Gantt,* Judge.

AFFIRMED.

*Fry & Fry* for appellant.

(1) The contract herein was made by the Contractor J. B. Evans Construction Company with the Board of Education of the Independent School District of Scranton, Green County, Iowa, and the contractor's bond herein was executed to said School Board. Said contract and bond being given to a board of Education, they were intended for the security of the public generally, and action may be brought on said contract and bond by any person who has sustained an injury in consequence of a breach thereof. Therefore, this appellant proceeds

properly under the Iowa Statutes in bringing this action
on the contract and contractor's bond herein. Sec.
3467, Compiled Statutes of Iowa, 1897; Sec. 3467, Ann.
Code of Iowa, p. 1284. (2) Where a contract for the
erection of a school building is secured by a bond, re-
quiring the payment of all claims for labor and material
furnished, the subcontractor or party furnishing mate-
rials to the contractor may rely for payments on the
security afforded by the bond. The bond here guaran-
tees, under the statutes of Iowa, to all persons furnish-
ing labor and material, regardless of lien, the fulfill-
ment of all provisions of the contract and specifications,
including payment of our labor and material bills. Hip-
well v. National Surety Co. of New York, 130 Iowa, 656,
105 N. W. 318; Baker v. Bryan, 64 Iowa, 561, 21 N. W.
83. (3) Where a contract for construction is attached
to and made a part of the bond given, and the under-
taking of the bond is that the obligor shall comply with
said contract in the time and manner therein provided,
the effect of the bond is a security, not only for the per-
formance of the work in the time and manner named, but
also for the performance of every other covenant in the
contract. Jordan v. Kavanuagh, 63 Iowa, 152, 18 N. W.
851; Wells v. Kavanaugh, 70 Iowa, 519, 30 N. W. 871. (4)
Like other contracts, a building contract must generally,
when to be performed in a state or country other than
where made, be governed by the laws of the country or
state in which it is to be performed. The work and build-
ing contracted for here was performed and erected in the
State of Iowa; therefore, the contract and bond herein
are to be construed according to the laws of Iowa. 9
Corpus Juris., 707. (5) Where a building and construc-
tion contract is incorporated in several writings, all the
writings are to be construed together, and effect given,
if possible, to every part of the contract, provided they
relate to the same subject-matter, and are properly con-
nected or referred to. Plans and specifications, if not
contained in the contract itself, but referred to therein
or annexed thereto, must be construed therewith. 9
Corpus Juris., 709.

*Bryan Wilson* and *David H. Robertson* for respondent, Maryland Casualty Company.

(1) There was a total variance between the bond and the contract alleged in the petition and the instruments offered in evidence. Hence plaintiff made out no case and the peremptory instruction for respondent necessarily had to be given by the court. (2) (a) The bond runs to the school district only and is conditioned only upon loss or damage to the obligee and provides only that the obligee school district shall be indemnified against compulsory payment of claims, liens, etc. (b) On such bond, no action can be brought by a materialman. Green Bay Lbr. Co. v. Independent School District, 121 Iowa, 633, 97 N. W. 72; Weller v. Goble, 66 Iowa, 113, 23 N. W. 290; Hunt v. King, 97 Iowa, 88, 66 N. W. 71; Eau Claire-St. Louis Lbr. Co. v. Banks, 136 Mo. App. 44. (c) Section 3467, Code of Iowa, 1897, creates no substantive rights. It is procedural, only, being found in chapter 3, ''Parties to Action'' of the part ''Code of Civil Practice.'' (3) There is not only nothing in the bond with respect to payment of materialmen but nothing in the contract whatsoever, regarding payment for material. Therefore, Jordan v. Kavanaugh, 63 Iowa, 162; Wells v. Kavanaugh, 70 Iowa, 519; Baker v. Bryan, 64 Iowa, 561, and Hipwell v. National Surety Co., 130 Iowa, 656, do not apply. Jordan v. Kavanaugh and Baker v. Bryan, are distinguished on this ground in Hunt v. King, 97 Iowa, 88; Weller v. Goble, 66 Iowa, 113, and Green Bay Lbr. Co. v. School District, 121 Iowa, 663. (4) The provisions in the specifications written by the architect do not effect the provisions of the bond, as the bond, as given, complies strictly with the terms of the contract. The contract controls as against a conflicting specification. 9 Corpus Juris., par. 41, p. 710, also par. 4, p. 694. (5) Even if the provision of the specifications in regard to the giving of a bond were effective, the owner may accept any bond suitable to him, and acceptance of a bond without a condition pro-

vided for in the contract is a waiver of that condition. Electric Appliance Co. v. U. S. Fidelity & G. Co., 110 Wis. 434; Eau Claire Lbr. Co. v. Banks, 136 Mo. App. 44.

REYNOLDS, P. J.—This is an action on a contractor's bond to recover the cost of certain material furnished by the appellant, plaintiff below, for a certain school building at Scranton, Iowa. The contract for the erection of the building was entered into between the Evans Construction Company of Mexico, Mo., and the independent School District of Scranton, Green County, Iowa. Its first article sets out that "the contractor (Evans Construction Company), shall and will provide all the material and perform all the work for the erection and completion (except plumbing and heating) of a two-story and basement High and Grade School building to be erected at Scranton, Green County, Iowa, as shown on the drawings and described in the specifications and supplement prepared by Trunk & Gordon, architects, which drawings and specifications are identified by the signatures of the parties hereto, and become hereby a part of this contract." The concluding paragraph of the contract is that it, "is not to be binding on the part of the owner until the contractor files an approved surety bond for fifty per cent. of the contract."

The contract price for the erection of the building was $30,990, it being stipulated that "such sum shall be paid by the owner to the contractor, in current funds," in instalments as thereafter stated.

In the plans and specifications appears this clause:

"The contractor must furnish the owner an acceptable surety bond for the full amount of the contract price, guaranteeing the payment for all valid claims for all labor or material furnished for the building regardless of liens."

The Evans Construction Company is named as principal in the bond, the Maryland Casualty Company as surety, and the Board of Education of the school district

as obligee, and is for the sum of $15,000. The parts of the bond material to the consideration of this question are these:

"Whereas, the principal has entered into a written contract, dated April 12, 1915, with the obligee, for the erection and completion (except plumbing and heating), of a two-story and basement High and Grade School building, to be erected at Scranton, Green County, Iowa, as shown on the drawings and described in the specifications and supplement prepared by Trunk & Gordon, Architects, St. Joseph, Missouri, a copy of which is hereto annexed, and which contract is made a part thereof, as fully, as if recited at length herein.

"Now, therefore, the condition of this obligation is such that, if the principal *shall indemnify the obligee against any loss or damage directly arising by reason of the failure of the principal to faithfully perform said contract,* then the obligation shall be void; otherwise to remain in full force and effect. (Italics ours).

"It is expressly agreed that the said principal and surety will keep the said obligee harmless and indemnified from and against any and all costs, damages and expenses which it may incur or become liable for, by reason of any claim or demand that may be made against it, or against said building, or the real estate upon which the same is situated, on account of any act or thing done or omitted by the said principal in the premises; and that the principal and surety shall and will keep the said obligee harmless and indemnified from and against any and all things, liens of mechanics, laborers', materialmen, and subcontractors, and that they shall and will pay to said obligee all sums of money which it may be required to pay to any other persons, on account of work or labor done, or material furnished on and for said building, and all costs and expenses incurred in relation thereto."

In the petition upon which the cause was tried the plaintiff avers the entering into of the contract and the conditions we have set out, and avers that under and by

204 M. A.—6

the terms of the contract "defendant J. B. Evans Construction Company agreed to furnish said School Board an acceptable surety bond for 50 per cent. of the contract price, which Board should guarantee the payment of all valid claims for all labor and material furnished for the building, regardless of lien, the purpose and intent of which bond was to protect and indemnify said School Board and all persons furnishing labor and material for the building aforesaid." It is further averred that in consideration of the contract the Evans Construction Company, as principal, and defendant Maryland Casualty Company, as surety, "executed and delivered to the School Board their certain contract or bond for the penal sum of $15,500, for the benefit of said School Board and all persons furnishing labor and material used in said construction and erection, conditioned upon the full performance of all of the provisions and covenants in said contract and specifications contained, including the payment of all valid claims for all labor or material furnished for the building aforesaid, regardless of liens." Averring that the Evans Construction Company entered into the erection and construction of the school building, as provided in the contract, it is averred that between September 25 and November 29, 1915, the Evans Construction Company purchased from plaintiff certain material known as "Master Builders Hardner," to be used for the construction of the floors in the building, at and for the reasonable price and value of $440.67, all of which material was duly delivered to the Evans Construction Company and by it used in said construction, "as more particularly shown in an itemized statement thereof hereto attached and marked Exhibit 'D,' and made a part hereof." Averring that the Evans Construction Company had kept and performed the condition of the bond and contract but had committed a breach thereof, in failing to pay plaintiff for this material used in the building, and that the same is long past due and payable to plaintiff, although demand has been made, plaintiff pleads section 3467 of the Iowa Code. This is contained in "Title XVIII," Iowa Code of

Civil Practice, chapter 1 of which treats of preliminary provisions; chapter 2 of limitations of actions; and chapter 3, in which this section is found, treats of parties to an action and is as follows:

"When a bond or other instrument given to the State or county or other municipal or school corporation, or to any officer or person, is intended for the security of the public generally, or of particular individuals, action may be brought thereon in the name of any person intended to be thus secured, who has sustained an injury in consequence of a breach thereof, except when otherwise provided."

The plaintiff further pleads a decision of the Supreme Court of Iowa—Hipwell v. National Surety Co., 130 Iowa, 656—and sets out that opinion *in extenso,* commenting on it and introducing the section of the statutes and the opinion in evidence.

The defendant J. B. Evans Construction Company, although answering by general denial, thereafter did not appear and has not appealed.

The Casualty Company, admitting the incorporation of the Construction Company, the School Board, and the plaintiff, as well as the defendant Surety Company, denies the execution of the contract and bond, as alleged, and further sets up and avers that decisions of the Supreme Court of Iowa, cited and referred to in the answer, hold that on a bond of this kind the surety is not liable to materialmen and laborers, and the defendant surety company introduced these decisions in evidence. We will hereafter refer to them.

A jury being waived, the cause was tried by the court, plaintiff asking four declarations of law, all of which were refused. The first declaration asked was that under the pleadings and evidence plaintiff was entitled to a verdict against both defendants. The second, third and fourth, going more into detail, were to the effect that under the law and the evidence plaintiff was entitled to a verdict against both defendants. At the instance of the defendant surety company, the court gave

a declaration of law to the effect that under the pleadings and evidence plaintiff could not recover against the Maryland Casualty Company and that his finding and verdict should be in favor of that company. Exceptions were duly saved to the action of the court, plaintiff filing a motion for a new trial, and judgment was entered against the Evans Construction Company for the amount claimed, and in favor of the Casualty Company. Motion for new trial was duly filed, overruled, exceptions saved, and appeal taken by the plaintiff.

That plaintiff had furnished the material specified and that it was of the value and price named, is not disputed; that it went into the construction of the school building, is not disputed but in fact admitted; that the School Board refused to pay, for it, is in evidence and admitted. The reason for such refusal was not material, although it appears that the School Board objected to the manner in which the work of laying the material had been done.

In the case at bar plaintiff relies upon the decisions of the Iowa Supreme Court in Jordan v. Kavanaugh et al., 63 Iowa, 152; Baker & Company et al. v. Bryan et al., 64 Iowa, 561; Wells v. Kavanaugh et al., 70 Iowa, 519, and Hipwell v. National Surety Co., supra. We agree with the contention of learned counsel for respondent as to the construction to be made of these cases.

In Baker & Company et al. v. Bryan et al., supra, the bond itself distinctly recited that the principal "would pay all claims for labor and material used in the construction of the building."

In Jordan v. Kavanaugh and Wells v. Kavanaugh, supra, the contract, in terms, provided that the contractor should pay all just claims against him, or against any subcontractor under him, for labor and material, and the bonds in those cases were conditioned upon the contractors performing all the conditions of the contract.

In Hipwell v. National Surety Co., supra, the contract provided, in express terms, that the contractor should pay promptly for all labor and material used in

the construction of the building, and the bond was con-
ditioned upon compliance with all the terms and condi-
tions of the contract.

In Weller v. Goble et al., 66 Iowa, 113; Hunt v.
King, 97 Iowa, 88, and Green Bay Lumber Co. v. School
District, 121 Iowa, 663, the court, referring to the Jordan
and Baker Cases, supra, distinguished them from the
decisions in those cases on that specific ground. We
have in our State practically the same law as in Iowa, as
to bonds to be given by contractors in erecting public
buildings not subject to a mechanic's lien, as see sec-
tions 1247, 1248, Revised Statutes 1909, and we have con-
strued these sections several times, particularly in Eau
Claire-St. Louis Lumber Co. v. Banks et al., 136 Mo.
App. 44, 117 S. W. 611; School District ex rel. v. Beggs,
147 Mo. App. 177, 126 S. W. 530; Board of Education
of St. Louis ex rel. v. United States Fidelity & Guaranty
Co., 166 Mo. App. 410, 149 S. W. 46; and Board of Edu-
cation ex rel. v. Fidelity & Guaranty Co., 155 Mo. App.
109, 134 S. W. 18, and in several other cases. The de-
cisions of our court as there reported are practically in
line with the decisions of the Iowa Supreme Court in the
cases cited.

The contract between the contractor and the School
Board in express terms makes the specifications a part
of the contract. This stipulation became a part of the
contract.

It was obviously competent for the parties, by ex-
press provision in their contract, to call into the contract
all or any portion of the specifications, no matter what
the latter might contain; in other words that the parties
could thus bring into the contract the contents of the
instrument designated specifications, signed and adopted
by them, and thus incorporate the same into the contract
as a part thereof, as fully as if written therein.

It has been expressly held that where specifications
are thus called into a building contract such as this, and
the specifications contain a guaranty, such guaranty is
thereby made a part of the contract as effectually as if

its very words were incorporated therein. [See City of Lakeview v. MacRitchie, 134 Ill. 203; Board of Education v. Jaeger, 67 N. J. Law 39; 9 Corpus. Juris., pp. 709, 710, section 40.]

But this view does not affect the result in the case. While the contract (with this clause read into it) provided for a bond "guaranteeing the payment of all valid claims for all labor and material," etc., it was competent for the School Board, in taking the bond, to waive such provision of the contract. The School Board must be regarded as having made such waiver in this case. The bond appears to be purely one to indemnify the obligee against loss, damage, liens, etc. It is true that the preamble of the bond makes reference to the specifications and the contract, and provides that the contract is made a part of the bond as fully as if recited therein. But it appears that terms of the contract thus called into the bond, could not be properly utilized to contradict or overthrow the express terms of the bond, and that the latter, when conflicting with the former, must control. By its terms, the obligation of the bond is to be void if the obligee is held harmless from claims, liens, etc.

The owner here saw fit not only to depart from what the architects had specified as to the obligations of the contractor, but to change them as to the amount of the bond, and instead of requiring a bond for the full amount, saw fit to accept one for practically one-half the amount. It had a right to do this, and when it did it and fixed the bond at a less amount, so far as the surety was concerned, that was conclusive. It was for the School Board to prescribe the terms of the bond. That it did not embody all the requirements of the architects was a matter for the Board.

In Electric Appliance Co. v. United States Fidelity & Guaranty Co., 110 Wis. 434, it is held that where a contract with a city for the erection of a lighting plant expressly stipulated that the bond to be given by the contractor for the faithful performance thereof should also be conditioned for the payment by the contractor of all claims for material and labor, the acceptance of a

bond without such condition embodied therein is a waiver thereof.

It is further said in that case that if any liability exists on the part of the Guaranty Company, it must rest upon the fact that it had a contract with the city to pay the debt due from the contractor to the plaintiff, who had furnished certain machinery to the contractor. "By reference to the contract," says the court, "it will be seen that the contractors bound themselves to furnish the bond, not only for the faithful performance of the contract, but for the payment of all claims for labor and materials. The bond accepted by the city omitted this latter provision, and was conditioned only for the performance of the contract." Under these conditions the Wisconsin Supreme Court said (l. c. 439) : "We consider the true rule to be that there must not only be an *intent* to secure some benefit to the third party, but there must be a promise, legally enforceable."

This is an action on the bond; the measure of the liability of the surety is the bond.

Since the School Board was not liable to claims of subcontractors or materialmen; nor, because of its legal character, were its properties subject to mechanic's liens therefor, the taking of such a bond as this would appear to have been a useless thing, the surety company incurring no liability in the premises whatsoever.

It is true that in the petition in the case plaintiff alleges that the bond was given for the security of third parties and that the contract was to like effect. With these allegations in the petition, the attorney for the defendant surety company objected to the introduction of the bond and contract in evidence on the ground of variance. That objection, however, was properly overruled. These averments as to what the bond or contract meant were conclusions and not statements of constitutive facts, and so the learned trial judge held.

We find no reversible error in the action of the trial court. Its judgment is affirmed.

*Allen* and *Becker*, JJ., concur.