CHARLES BOURRETT, d/b/a BOURRETT TIN AND FURNACE SHOP, appellant, v. W. M. BRIDE CONSTRUCTION COMPANY, INC., et al., appellees.

No. 49178.

(Reported in 84 N.W.2d 4)

June 26, 1957.

Hutchison, Hurst & Duggan, of Sioux City, for appellant.

Harper, Gleysteen & Nelson, of Sioux City, for appellee Continental Casualty Company.

GARFIELD, J.—This appeal by plaintiff involves the liability to it, a subcontractor, of defendant Continental Casualty Company, surety on a private building bond of the principal contractor. The trial court held there was no liability and sustained the Casualty company's motion to dismiss plaintiff's petition. We affirm the decision.

Plaintiff Bourrett's petition is in two counts. Defendants to Count I are W. M. Bride Construction Company, Inc., principal contractor, Continental Casualty Company and Sunnyside Investment, Inc., owner. Count II is against the Casualty company only. Liability of the principal contractor and owner has not been adjudicated and is not now before us.

Count I of the petition alleges: Sunnyside owns certain lots in Sioux City, plaintiff orally contracted with Bride to furnish heating equipment for erection of a service station thereon and performed his contract, $911.86 is owing plaintiff thereon, plaintiff filed his claim for a mechanic's lien with the clerk

of the district court and gave written notice thereof to Sunnyside three months and 26 days after the last material was furnished and labor performed, Bride as general contractor had a written contract with Sunnyside to erect the service station and gave it a bond for the performance of the contract signed by the Casualty company as surety. Judgment for $911.86 is asked against Bride, the Casualty company and Sunnyside, together with foreclosure of plaintiff's mechanic's lien.

Count II of the petition incorporates the allegations of Count I and also alleges the bond was given in conformance with rule 3, Rules of Civil Procedure. It asks only a money judgment against the Casualty company.

Copies of the principal contract and bond are attached to and made part of the petition. The contract provides Bride shall furnish all materials and perform all labor necessary for the service station and is to furnish a satisfactory bond guaranteeing performance of contract and payment for labor and material.

The bond provides Bride, as principal, and the Casualty company, as surety, are bound unto Sunnyside in the sum of $23,051 (the contract price) and "WHEREAS, the Principal has entered into a written contract * * * with the Obligee [Sunnyside] for erection of new service station * * * which contract is hereby referred to and made a part hereof, * * *

"Now, THEREFORE, the Condition of this obligation is such, that if the Principal shall indemnify the Obligee against any loss or damage directly arising by reason of the failure of the Principal to faithfully perform said contract, then this obligation shall be void; otherwise to remain in full force and effect.

"PROVIDED, however, and upon the express conditions, the performance of each of which shall be a condition precedent to any right to recovery hereon: * * *

"Sixth: That no right of action shall accrue upon or by reason hereof, to or for the use or benefit of any one other than the Obligee herein named; and that the obligation of the Surety is, and shall be construed strictly as, one of suretyship only * * *."

The Casualty company's motion to dismiss each count of

the petition is based on the ground its liability is as surety only to Sunnyside and under the sixth paragraph of the bond no right of action under it accrues to any other party. By resistance to the motion plaintiff alleges the Casualty company's liability is that of surety and guarantor of the rights of materialmen and laborers and its contract is a third-party beneficiary one upon which plaintiff has a direct cause of action against the Casualty company. As stated, the trial court sustained the motion to dismiss.

Plaintiff's desire to recover on the bond of the Casualty company is understandable in view of the fact his claim for mechanic's lien was not filed within 60 days from the date the last material was furnished or labor performed as provided by section 572.9, Code, 1954. Liens, like plaintiff's, filed after the 60-day period are enforceable "only to the extent of the balance due from the owner to the contractor at the time of the service of such notice; * * *." Code section 572.11. Apparently the balance due from Sunnyside to Bride (alleged to be insolvent) is insufficient to pay claims of subcontractors filed prior to plaintiff's and also his claim. See section 572.17.

The liability of a surety is to be determined by the specified conditions of the bond and cannot be enlarged beyond them. Hay v. Hassett, 174 Iowa 601, 603, 156 N.W. 734, and citation; Carr & Baal Co. v. Consolidated Independent Dist., 187 Iowa 930, 939, 174 N.W. 780; Lamson v. Maryland Cas. Co., 196 Iowa 1185, 1191, 194 N.W. 70; 72 C. J. S., Principal and Surety, section 91.

It is frequently stated by courts that the intention of the parties to a contractor's bond is the controlling factor in determining the right of laborers and materialmen to recover thereon. 9 Am. Jur., Building and Construction Contracts, section 96; Annotation 77 A. L. R. 21, 28.

This intention is to be gathered from the nature of the instrument, fairly read in the light of all the circumstances attending its making and the apparent purpose it was designed to serve. Hay v. Hassett, supra, and citations at pages 603, 604 of 174 Iowa. As stated in somewhat different language it is a question of intention, to be derived from the language used, the situation of the parties, and legal principles they are pre-

sumed to know and have in mind. Fidelity & Deposit Co. v. Rainer (Use of Manufacturers' Whse. Co.), 220 Ala. 262, 125 So. 55, 77 A. L. R. 13, 17.

█ Although there are a few outside decisions to the contrary it is well settled in Iowa and is the weight of authority generally that laborers and materialmen may recover on a contractor's bond conditioned that the contractor shall pay all claims for labor and material, or shall faithfully perform a contract providing for such payment, although the owner alone is named as obligee of the bond. Haakinson & Beaty Co. v. McPherson, 182 Iowa 476, 166 N.W. 60, and citations; Johnson Electric Co., Inc., v. Columbia Casualty Co., 101 Fla. 186, 133 So. 850, 77 A. L. R. 1, 3; 9 Am. Jur., Building and Construction Contracts, section 97; Annotations 77 A. L. R. 21, 56; 118 A. L. R. 57, 65.

█ On the other hand where a bond runs only to a named party and undertakes no more than to indemnify him against breaches of the contract no one else may recover on the bond. Haakinson & Beaty Co. v. McPherson, supra, and citations, at page 477 of 182 Iowa. This is especially true where the bond contains an express provision limiting its benefits or right of action thereon to the obligee. 9 Am. Jur., Building and Construction Contracts, section 97, page 63; Annotations 77 A. L. R. 21, 77, 78; 118 A. L. R. 57, 71.

Our inquiry here seems reduced to whether this bond was intended merely to indemnify the owner-obligee Sunnyside or to indemnify it and also pay laborers and materialmen, including plaintiff.

██ The contract is referred to in the bond and made part of it. Thus there can be no doubt the terms of the contract as well as the bond should be considered in determining the Casualty company's liability under the bond. The contract provides Bride shall furnish all materials and perform all labor necessary for the service station. We have held such a provision is not equivalent to a promise by the contractor to pay for labor and material. Green Bay Lumber Co. v. Independent School Dist., 121 Iowa 663, 665, 97 N.W. 72, 125 Iowa 227, 101 N.W. 84; Carr & Baal Co. v. Consolidated Ind. Dist., supra, 187 Iowa 930, 938, 939, 174 N.W. 780.

Since it may reasonably be argued a promise to furnish materials and perform labor implies a promise to pay therefor we prefer not to rest our decision on the narrow ground this contract does not expressly obligate Bride to pay for material and labor. The result here would be the same if the contract contained such an express promise.

■ The other provision of the contract now important is that Bride is to furnish a satisfactory bond guaranteeing performance of contract and payment for labor and material. It is this provision, together with that of the bond which makes the contract part of it, upon which plaintiff mainly relies. This contract provision does not aid plaintiff. It gave Sunnyside the right to demand from Bride a bond guaranteeing performance of the contract and payment for labor and material. But Sunnyside evidently did not require such a bond. At least this bond contains no such stipulation.

The main condition of the bond is to "indemnify the Obligee against any loss or damage * * * by reason of the failure of the Principal to faithfully perform said contract * * *." It is not contended Sunnyside has sustained any such loss or damage in a legal sense. So far as appears cost to it of the service station has not exceeded the contract price and it makes no claim on the bond.

That this bond was intended only to indemnify Sunnyside is made doubly clear by the sixth "express condition" contained in it, "That no right of action shall accrue upon or by reason hereof, to or for the use or benefit of any one other than the Obligee herein named; * * *."

■ The fact that Sunnyside could have required a bond guaranteeing payment for labor and material does not have the effect of altering the terms of the bond it chose to accept. It had a right to waive the provision of the contract as to the condition of the bond and must be held to have done so. Plaintiff is in no position to insist that the bond is different from the one Sunnyside accepted.

From Haakinson & Beaty Co. v. McPherson, supra, 182 Iowa 476, 480, 166 N.W. 60, 62, cited by plaintiff, is a short answer to its main contention: "* * * that a bond *should* cover

a specified breach of contract will not avail to obtain a recovery on the bond which, though it should have done so, does not contain such a guarantee."

Numerous precedents sustain the views we have expressed. Among them are: Massachusetts Bonding & Ins. Co. v. United States Radiator Corp., 265 Ky. 661, 97 S.W.2d 586; Builders Material & Supply Co. v. J. B. Evans Constr. Co., 204 Mo. App. 76, 221 S.W. 142; Morganton Mfg. & T. Co. v. Anderson, 165 N. C. 285, 81 S.E. 418, Ann. Cas. 1916A 763; Crum v. Jenkins, 145 S. C. 177, 143 S.E. 21; Blyth-Fargo Co. v. Free, 46 Utah 233, 148 P. 427; Century Indemnity Co. v. Esso Standard Oil Co., 195 Va. 502, 79 S.E.2d 625; Wallace Equipment Co. v. Graves, 132 Wash. 141, 231 P. 458; Electric Appliance Co. v. United States F. & G. Co., 110 Wis. 434, 85 N.W. 648, 53 L. R. A. 609.

In Builders Material & Supply Co. v. J. B. Evans Constr. Co., supra, the contract, to construct a school building in Iowa, provided for a bond guaranteeing payment of all valid claims for labor and material. The bond made the contract a part of it and its main condition was practically identical with the one here. But apparently the Evans bond contained no stipulation similar to the sixth "express condition" of this bond limiting right of action and benefits to the obligee. The Builders company relied on several of the same Iowa decisions this plaintiff cites and also upon what was then the statutory rule now embodied in rule 3, Rules of Civil Procedure. Recovery was denied, however, on the ground the school board could and did waive the provision of the contract as to what the bond should contain and the bond appeared merely to indemnify the obligee against loss and damage.

Without reviewing each of the other precedents we have cited, they will be found closely in point. In several the contract required the principal contractor to pay for labor and material and furnish a bond guaranteeing such payment. Although the contract was made part of the bond, the latter provided merely for indemnification of the obligee, and limited a right of action thereon, in terms substantially the same as the present bond. Recovery was denied on considerations similar to those we have expressed.

The Iowa decisions cited by plaintiff do not support a reversal of the trial court's order. Where laborers or materialmen have been allowed to recover on a contractor's bond it has been conditioned, in substance, unlike the present bond, that he will pay all claims for labor and material or faithfully perform a contract providing for such payment. This is true of Jordan v. Kavanaugh, 63 Iowa 152, 18 N.W. 851; Baker & Co. v. Bryan, 64 Iowa 561, 21 N.W. 83; Wells v. Kavanagh, 70 Iowa 519, 30 N.W. 871; Getchell & Martin Lbr. & Mfg. Co. v. Peterson & Sampson, 124 Iowa 599, 100 N.W. 550; Hipwell v. National Surety Co., 130 Iowa 656, 105 N.W. 318.

An additional reason for holding the bonds in the Baker and Hipwell cases, supra, were intended to benefit materialmen is that the obligees were respectively a school district and a city against which claims for material would not lie and which would therefore not be prejudiced by the contractor's failure to pay them. In the Getchell case, supra, the bond ran to the owner "and to all persons who may be injured by any breach of any of" its conditions, including faithful performance of all terms of the contract and payment of all claims for labor and material.

Jordan v. Kavanaugh and Baker & Co. v. Bryan, both supra, are explained and distinguished in Weller v. Goble, 66 Iowa 113, 114, 23 N.W. 290, and Hunt v. King, 97 Iowa 88, 90, 91, 66 N.W. 71. See also Green Bay Lbr. Co. v. Independent School Dist., 121 Iowa 663, 665, 666, 97 N.W. 72, 125 Iowa 227, 101 N.W. 84; Haakinson & Beaty Co. v. McPherson, 182 Iowa 476, 477, 166 N.W. 60; Carr & Baal Co. v. Consolidated Ind. Dist., 187 Iowa 930, 174 N.W. 780; Builders Material & Supply Co. v. J. B. Evans Constr. Co., 204 Mo. App. 76, 221 S.W. 142, all supra.

As previously stated, plaintiff's Count II asks judgment against the Casualty company on the strength of rule 3, Rules of Civil Procedure (which supersedes section 10982, Code of 1939, and similar prior statutes in effect since Code of 1851), providing: "Public bond. When a bond or other instrument given to the state, county, school or other municipal corporation, or to any officer or person, is intended for the security of the public generally, or of particular individuals, action may

be brought thereon, in the name of any person intended to be thus secured, who has sustained an injury in consequence of a breach thereof, except when otherwise provided."

This rule does not aid plaintiff for two reasons. First, as we have held, this bond was not intended to secure plaintiff or other materialmen. Second, it is "otherwise provided" in the bond by clearly stating "no right of action shall accrue upon" it to or for the "benefit of any one other than the Obligee herein named; * * *."

Plaintiff finally contends it is entitled to recover under section 572.11, Code, 1954, which provides: "Extent of lien filed after sixty days. Liens perfected under section 572.10 shall be enforced against the property or upon the bond, if given by the owner, as hereinafter provided, only to the extent of the balance due from the owner to the contractor at the time of the service of such notice; but if the bond was given by the contractor, or person contracting with the subcontractor filing the claim for a lien, such bond shall be enforced to the full extent of the amount found due the subcontractor."

It is clear to us the bond "given by the owner" and that "given by the contractor" to which section 572.11 refers are not such a bond as Bride and the Casualty company gave here. We think the bonds 572.11 refers to are those provided for in section 572.15 which states: "Discharge of subcontractor's lien. Every mechanic's lien of a subcontractor may be discharged at any time by the owner [or] principal contractor * * * filing with the clerk of the district court * * * a bond in twice the amount of the sum for which the claim for the lien is filed * * * conditioned for the payment of any sum for which the claimant may obtain judgment upon his claim."

This is quite apparent as to the bond "given by the owner" since 572.11 says it is the bond given by him "as hereinafter provided." The last quoted phrase could refer only to the bond provided for in 572.15. There is no provision in chapter 572 other than 572.15 for a bond by the owner. The conclusion we reach is perhaps not so obvious as to the bond "given by the contractor," referred to in 572.11. But it seems reasonable the bond given by the contractor to which reference is made is of the same kind as that given by the owner. Naturally lia-

bility on a bond given by a contractor to discharge a subcontractor's lien should be greater than liability on such a bond given by the owner since the contractor is the one primarily liable to subcontractors.

There is no reference anywhere in chapter 572 to such a bond as the Casualty company executed. If there were inserted in section 572.11, following the words "but if the bond was given", the phrase, "also as hereinafter provided," there could be little doubt the bond "given by the contractor" referred to in 572.11 is that provided for in 572.15. We think 572.11 has the same meaning it would have if such insertion were made. —Affirmed.

All JUSTICES concur except SMITH, J., not sitting.